IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED<br>TRADES INDUSTRY PENSION FUND<br>1750 New York Avenue, N.W.<br>Washington, DC 20006-5387<br><br>                Plaintiff,<br><br>   v.<br><br>URBAN ENTERPRISES, INC.<br>    and<br>RURE ASSOCIATES, INC.<br>  d/b/a GSR Architectural, Inc.<br>  d/b/a GSR Architectural Windows<br>    and<br>GARY RUSSO<br>200 Mountain Avenue<br>Middlesex, NJ 08846<br><br>                Defendants. | CIVIL ACTION NO. |

## COMPLAINT

Plaintiff, by undersigned counsel, complains about Defendants as follows:

### JURISDICTION

1. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§185(a), 1132 and 1145.

2. A copy of this Complaint is being served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail in accordance with 29 U.S.C. §1132(h).

### VENUE

3. Venue lies in the District of Columbia under 29 U.S.C. §§185(a) or 1132(e)(2).

172150-1

## PARTIES

4. Plaintiff, International Painters and Allied Trades Industry Pension Fund ("Fund" or "Pension Fund"), is a trust fund established under 29 U.S.C. §186(c)(5) and "multiemployer plan" and "employee benefit [pension] plan" within the meaning of 29 U.S.C. §1002(37), (2) and (3). The Fund maintains its principal place of business and is administered from an office located at the address in the caption of this Complaint.

5. Defendant, Urban Enterprises, Inc. ("Urban") is a New Jersey corporation and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§152(2), (6) and (7), 1002(5), (11) and (12) with a business office at the address listed in the caption.

6. Defendant, Rure Associates Inc., d/b/a GSR Architectural, Inc. d/b/a GSR Architectural Windows ("Rure") is a New Jersey corporation and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§152(2), (6) and (7), 1002(5), (11) and (12) with a business office at the address listed in the caption.

7. Defendant, Gary Russo ("Gary" and together with Urban and Rure, "Defendants") is an individual and an owner, officer, agent or managing agent of Urban with a business or residential address as listed in the caption.

## COMMON FACTS

8. At all times relevant to this action, Urban was party to or agreed to abide by the terms and conditions of a collective bargaining agreement(s) (singly or jointly, "Labor Contracts") with one or more local labor unions or district councils affiliated with the International Union of Painters and Allied Trades, AFL-CIO, CLC (the locals, district councils and International being referred to jointly as "Union").

9. Urban signed or agreed to abide by the terms of the agreement and declaration of

172150-1            2

trust of the Fund ("Trust Agreement") made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful labor relations and the Pension Fund's rules and regulations as set forth in the International Painters and Allied Trades Industry Pension Plan ("Plan").  A true and correct copy of the Trust Agreement is attached as Exhibit 1 and incorporated by reference.  A true and correct copy of §§10.07, 10.11, 10.12 of the Plan is attached as Exhibit 2 and incorporated by reference.

    10.    Under the Labor Contracts, Trust Agreement and Plan, Urban agreed:

        (a)    To make full and timely payment on a monthly basis to the Fund, as required by the Labor Contracts, Trust Agreement and Plan. Ex. 1, pp.15-16 (Art.VI, §2); Ex. 2, §10.07.

        (b)    To file monthly remittance reports with the Fund detailing all employees or work for which contributions were required under the Labor Contract. Ex. 1, p.16 (Art.VI, §§3,5).

        (c)    To produce, upon request by the Fund, all books and records deemed necessary to conduct an audit of Urban's records concerning their obligations to the Fund and to pay the cost of the audit if found to be delinquent or in violation of the Plan.  Ex. 1, pp.16-17 (Art.VI, §6).

        (d)    To pay liquidated damages, late charges, interest, audit costs, and all costs of litigation, including attorneys' fees, expended by the Fund to collect any amounts due as a consequence of Urban's failure to comply with their contractual and statutory obligations described in Subparagraphs (a), (b) and (c). Ex. 1, p. 16-17 (Art.VI, §§4,6); Ex. 2, §§10.07, 10.12.

    11.    Urban also agreed to make full and timely payments on a monthly basis to the

Political Action Together – Legislative and Educational Committee ("PATLEC"), Political Action Together – Political Committee ("PATPC"), International Union of Painters and Allied Trades Joint Apprenticeship and Training Fund ("Apprenticeship Fund") and The Painters and Allied Trades Labor Management Cooperation Initiative ("LMCI") (the LMCI, PATLEC, PATPC and Apprenticeship Fund are jointly referred to as "Ancillary Funds") as required by the Labor Contracts and Trust Agreements of the Ancillary Funds.

12. The Pension Fund is the authorized collection agent for the Ancillary Funds. The Pension Fund and Ancillary Funds are, hereinafter, jointly referred to as "Funds".

13. On information and belief, Plaintiffs allege that:

(a) Urban and Rure have identical officers and management;

(b) Urban and Rure both serve the same or similar type customers;

(c) Employees of Urban work for Rure using the same equipment and serving the same type or similar customers;

(d) Owners, officers and management of Rure were aware of and had full knowledge of Urban's unpaid obligations to the Funds; and

(e) Urban and Rure operate out of the same business address.

14. Rure is the alter ego, single employer and/or successor of Urban with knowledge of the debt owed to the Funds by Urban.

## **COUNT I - CONTRIBUTIONS UNDER CONTRACT - SUM CERTAIN**

**PENSION FUND**

**v.**

**DEFENDANTS**

15. The allegations of Paragraphs 1 through 14 are incorporated by reference as if fully restated.

16. On information and belief, Urban has failed to pay to the Funds amounts due under the Labor Contracts, Trust Agreements, and Plan from April 2005 through March 2006 in at least the sum of $66,736.38 based upon information presently available to the Funds.

17. Despite request(s) for payment, Urban has not paid the Pension Fund as required by the Labor Contracts, Trust Agreements, the Plan and applicable law.

18. As alter ego, single employer and/or successor of Urban with knowledge of the debt of Urban to the Funds, Rure is jointly and severally liable for the amounts owed to the Funds by Urban.

19. As a result of the failure of Urban to submit required remittance reports together with required contributions, Rure, as alter ego, single employer and/or successor of Urban, owes at least $66,736.38.

WHEREFORE, the Pension Fund, for itself and on behalf of the Ancillary Funds, asks that the Court:

(a) Declare that Rure is the alter ego or successor of Urban or, in the alternative, that Rure and Urban are a single or joint employer but that in any case Rure is bound to the Labor Contract and liable to the Fund for all amounts owed to date by Urban.

(b) Enter judgment against Urban and Rure, jointly and severally, in favor of the

Pension Fund, for itself and on behalf of the Ancillary Funds, for at least the sum of $66,736.38 plus any additional amounts revealed by an audit of Urban's records or which may become due during the pendency of this lawsuit together with late charges, liquidated damages, interest and costs, including the cost of any audit, and reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment, as provided in the Labor Contracts, Trust Agreements and Plan.

(c) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II - CONTRIBUTIONS UNDER ERISA - SUM CERTAIN

### PENSION FUND

### v.

### DEFENDANTS

20. The allegations of Paragraphs 1 through 19 are incorporated by reference as if fully restated.

21. Urban has failed to pay the Funds amounts due under the Labor Contract, Trust Agreements, Plan and applicable law in at least the sum of $66,736.38 based upon information currently available to the Funds.

22. Urban has failed to make payments despite the Funds' requests for payment.

23. As alter ego, single employer and/or successor of Urban with knowledge of the debt of Urban to the Funds, Rure is jointly and severally liable for the amounts owed to the Funds by Urban.

24. As a result of the failure of Urban to submit required remittance reports together with required contributions, Rure, as alter ego, single employer and/or successor of Urban, owes

at least $66,736.38.

25. The Funds have been damaged by Urban's violation of 29 U.S.C. §1145.

WHEREFORE, the Pension Fund, for itself and on behalf of the Ancillary Funds, asks that the Court:

(a) Declare that Rure is the alter ego or successor of Urban or, in the alternative, that Rure and Urban are a single or joint employer but that in any case Rure is bound to the Labor Contract and liable to the Fund for all amounts owed to date by Urban.

(b) Enter judgment against Urban and Rure, jointly and severally, in favor of the Pension Fund, for itself and on behalf of the Ancillary Funds, for at least the sum of $66,736.38, plus any additional amounts revealed by an audit of Urban's records of which may become due during the pendency of this lawsuit, together with late charges, liquidated damages, interest and costs, including the cost of any audit, and reasonable attorneys' fees incurred in this action or in the collection and enforcement of any judgment, as provided in the Labor Contracts, Trust Agreements, Plan and applicable law.

(c) Grant such other relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT III - AUDIT

### PENSION FUND

### v.

### DEFENDANTS

26. The allegations of Paragraphs 1 through 25 are incorporated by reference as if fully restated.

27. The amount of contributions Urban is required to pay to the Fund is based upon

hours worked and paid to employees performing work covered by the Labor Contracts.

28. The Fund are without sufficient information or knowledge to plead the precise nature, extent and amount of Urban's delinquency because the books, records and information necessary to determine this liability are in the exclusive possession, custody and control or knowledge of Urban.

29. Computation of the precise amount of an employer's delinquency is normally achieved by an audit of the employer's books and records and/or calculated from contractually-required remittance reports submitted by the employer.

30. No audit of Urban's books and records has been performed and Urban has failed and refused to submit the contractually-required reports for April 2005 through March 2006.

31. Urban is required by the Labor Contracts, Trust Agreements and applicable law to permit the Fund to audit its records, to cooperate in determining the contributions due the Fund and to pay the cost of the audit if found to be delinquent.

32. The Funds have no adequate remedy at law for the calculation of any damages suffered as a result of the breach requires an audit.

33. All conditions precedent to equitable relief have been satisfied.

WHEREFORE, the Pension Fund, for itself and on behalf of the Ancillary Funds, asks that the Court:

(a) Declare that Rure is the alter ego or successor of Urban or, in the alternative, that Rure and Urban are a single or joint employer but that in any case Rure is bound to the Labor Contract and liable to the Fund for all amounts owed to date by Urban.

(b) Enjoin Urban and Rure, their officers, agents, servants, employees, attorneys and all others in active concert or participation with them to permit an audit of all records under the

actual or constructive control of Defendants and, in the absence of records, to cooperate in alternative methods for the determination of work for which contributions are due.

    (c)    Order Urban and Rure, jointly and severally, to pay for an audit by a Certified Public Accountant chosen by the Pension Fund.

    (d)    Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT VI - CONTRIBUTIONS UNDER CONTRACT AFTER AUDIT

### PENSION FUND

### v.

### DEFENDANTS

34.    The allegations of Paragraphs 1 through 33 are incorporated by reference as if fully restated.

35.    On information and belief, Urban has failed to make contributions to the Funds as required by the Labor Contracts, the Trust Agreements and Plan in a period not barred by any applicable statute of limitations or similar bar.

36.    On information and belief, the Funds have been damaged by the failure of Urban to make contributions as required by the Labor Contracts, the Trust Agreements, Plan and applicable law.

WHEREFORE, the Pension Fund, for itself and on behalf of the Ancillary Funds, asks that the Court:

    (a)    Declare that Rure is the alter ego or successor of Urban or, in the alternative, that Rure and Urban are a single or joint employer but that in any case Rure is bound to the Labor Contract and liable to the Fund for all amounts owed to date by Urban.

(b) After an audit, enter judgment against all Defendants, jointly and severally, and in favor of the Fund, for itself and on behalf of the Ancillary Funds, for the amount of contributions found due and owing by an audit together with late charges, liquidated damages, interest and costs, including the cost of the audit, and reasonable attorneys' fees incurred in this action or the collection and enforcement of any judgment, as provided in the Labor Contracts, Trust Agreements, Plan and applicable law.

(c) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT V- CONTRIBUTIONS UNDER ERISA AFTER AUDIT

### PENSION FUND

### v.

### DEFENDANTS

37. The allegations of Paragraphs 1 through 36 are incorporated by reference as if fully restated.

38. Urban has failed to make contributions to the Funds in violation of 29 U.S.C. §1145 in a period not barred by an applicable statute of limitations or similar bar.

39. The Funds are without sufficient information or knowledge to plead the precise nature, extent and amount of Urban's delinquency since the books, records and information necessary to determine this liability are in the possession, custody, control or knowledge of Urban.

40. On information and belief, the Funds have been damaged by Urban's violation of 29 U.S.C. §1145.

WHEREFORE, the Pension Fund, for itself and on behalf of the Ancillary Funds, asks

that the Court:

(a)  After an audit, enter judgment against all Defendants, jointly and severally, in favor of the Pension Fund, for itself and on behalf of the Ancillary Funds, for the contributions found due and owing by the audit, together with late charges, interest at the rate(s) prescribed by 26 U.S.C. §6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the plan document(s) or statute(s), the cost of the audit, and reasonable attorneys' fees and costs incurred in this action and in connection with any proceedings to enforce or collect any judgment all as provided under the Trust Agreements, Plan and 29 U.S.C. §1132(g)(2).

(b)  Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT VI - INJUNCTION

### PENSION FUND

### v.

### DEFENDANTS

41.  The allegations of Paragraphs 1 through 40 are incorporated by reference as if fully restated.

42.  A money judgment or other remedy available at law is inadequate because Defendants have shown their disregard of their contractual and legal obligations by a consistent pattern of delinquencies or late payment of contributions.

43.  Unless ordered to do otherwise by this Court, Defendants will continue to refuse to submit remittance reports and pay the contributions presently due and owing or which become due and owing in the future, and the Funds and their participants will be irreparably damaged.

44.   All other conditions precedent to equitable relief have been satisfied.

WHEREFORE, the Pension Fund, for itself and on behalf of the Ancillary Funds, asks that the Court:

(a)   Permanently restrain and enjoin Defendants', their officers, agents, servants, employees, attorneys and all others in active concert or participation with them from continuing to violate the terms of the current collective bargaining agreement(s) between Defendants' and the Union (including its affiliated locals and district councils) and from violating such other collective bargaining agreements as may from time to time be entered by the said parties providing for the timely filing of remittance reports with complete, accurate and proper information and timely payment of contributions to the Funds for so long as Urban is contractually-required to do so.

(b)   Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT VII – ERISA BREACH OF FIDUCIARY DUTY

### PENSION FUND
### v.
### INDIVIDUAL DEFENDANT

45.   The allegations of Paragraphs 1 through 44 are incorporated by reference as if fully restated.

46.   The Labor Contract requires Urban to make full and timely payments on a monthly basis to the Pension Fund for the benefit of employees covered by the Labor Contract.

47.   As the principal officer and managing agent of Urban, Gary was and is responsible for collection of monies payable to the Pension Fund resulting from labor performed by Urban's employees covered under the Labor Contract.

48. As the principal officer and managing agent of Urban, Gary was and is responsible for submitting monthly remittance reports to the Pension Fund setting forth the total amount of fringe benefit contributions owed resulting from labor performed by its employees covered under the Labor Contract.

49. As the principal officer and managing agent of Urban, Gary had and has the authority to make decisions as to what obligations and/or payments of Urban, are/were to be paid to the Pension Fund, including the authority to make payments for his own personal benefit.

50. At such time as fringe benefit contributions became due and payable by Urban to the Pension Fund such monies became assets of the Pension Fund under and pursuant to the terms of the Trust Agreements and Plan of the Pension Fund and applicable law.

51. At such time as fringe benefit contributions became due and payable by Urban to the Pension Fund such monies became trust assets and Gary exercised authority or control with respect to their management or disposition.

52. Gary is a "fiduciary" under the Employee Retirement Income Security Act of 1974 ("ERISA").

53. On information and belief, Gary, through his position, caused and directed Urban to fail and refuse to forward to the Pension Fund the monies held in trust for payment to the Pension Fund pursuant to the Labor Contract, Trust Agreements and applicable law.

54. Gary breached his fiduciary duty to the Pension Fund by failing to pay to the Pension Fund such contributions once they became due and payable and, therefore, is personally liable for all fringe benefit contributions, interest, liquidated damages and attorneys' fees and costs owed by Urban to the Pension Fund pursuant to the Labor Contract, Trust

Agreements, Plan and applicable law.

55. This breach of fiduciary duty constitutes a violation of ERISA Section 502(a), actionable under ERISA Section 409(a), 29 U.S.C. §1132(a)(2); 29 U.S.C. §1109.

56. Based upon presently available information, the Pension Fund is owed at least $66,736.38.

WHEREFORE, the ERISA Plaintiff asks that the Court:

(1) Enter judgment against Gary and in favor of the Pension Fund for at least $66,736.38 plus any additional amounts that become due during the pendency of this lawsuit or as a result of an audit of Urban's payroll books and related records together with interest at the rate prescribed by 26 U.S.C. §6621, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the documents governing the Pension Fund or statute and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

Respectfully submitted,

JENNINGS SIGMOND, P.C.

BY: _____
SANFORD G. ROSENTHAL Bar No. 48737
KENT CPREK Bar No. 40806
The Penn Mutual Towers, 16th Floor
510 Walnut Street
Philadelphia, PA 19106-3683
(215) 351-0611
Attorney for the Fund

Date: 9/14/06

OF COUNSEL:

ELIZABETH A. COLEMAN, Esquire
JENNINGS SIGMOND, P.C.
The Penn Mutual Towers, 16th Floor
510 Walnut Street
Philadelphia, PA 19106-3683
(215) 351-0644