## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND<br>1750 New York Avenue, N.W.<br>Washington, D.C. 20006-5387<br><br>                    Plaintiff,<br><br>v.<br><br>URBAN ENTERPRISES, INC.<br>          and<br>RURE ASSOCIATES, INC.<br> d/b/a GSR Architectural, Inc.<br> d/b/a GSR Architectural Windows<br>          and<br>GARY RUSSO<br>200 Mountain Avenue<br>Middlesex, NJ 08846<br><br>                    Defendants. | Case No. 1:06-CV-01603 |

## DEFENDANTS' ANSWER

Defendants, by undersigned counsel, submit this Answer to the Complaint in this matter.

## FIRST DEFENSE

1.      Defendants are without information sufficient to admit or deny the allegations contained in paragraph 1 of the Complaint and demand proof thereof.  To the extent an answer is required, Defendants deny the jurisdiction allegations of paragraph 1 of the Complaint.

2.      Defendants are without information sufficient to admit or deny the allegations in paragraph 2 of the Complaint.  To the extent an answer is required, Defendants deny that a copy of the Complaint was served on the Secretary of Labor and the Secretary of Treasury of the United States as specified.

1

3.      Defendants are without information sufficient to admit or deny the allegations in paragraph 3 of the Complaint.  To the extent an answer to paragraph 3 of the Complaint is required, Defendants deny that venue is proper in the District of Columbia.

4.      Defendants are without information sufficient to admit or deny the allegations in the first sentence of paragraph 4 of the Complaint and demand proof thereof.  To the extent an answer is required, Defendants deny the allegations contained in paragraph 4 of the Complaint.

5.      Defendants admit the allegations in paragraph 5 of the Complaint.

6.      Defendants admit that Rure Associates, Inc. is a New Jersey corporation but they deny the remaining allegations in paragraph 6 of the Complaint.

7.      Defendants admit that Gary Russo is an individual but they deny the remaining allegations in paragraph 7 of the Complaint.

8.      Defendants deny the allegations contained in paragraph 8 of the Complaint.

9.      Defendants deny the allegations in paragraph 9 and demand proof thereof, and rely on the provisions of the Trust Agreement referenced in paragraph 9 of the Complaint to speak for itself.

10.     Defendants rely on the provisions of the Agreements referenced in paragraph 10 of the Complaint to speak for themselves.  To the extent an answer is required, Defendants deny the allegations contained in paragraph 10.

11.     Defendants rely on the provisions of the Agreements referenced in paragraph 11 of the Complaint to speak for themselves. To the extent an answer is required, Defendants deny the allegations contained in paragraph 11.

12.     Defendants are without information sufficient to admit or deny the allegations contained in paragraph 12 of the Complaint and demand proof thereof.  To the extent an answer is required, Defendants deny the allegations of paragraph 12 of the Complaint.

13.     Defendants deny the allegations contained in paragraph 13 of the Complaint.

14.     Defendants deny the allegations contained in paragraph 14 of the Complaint.

15.     Paragraph 15 of the Complaint contains a statement to which no response is required.

16.     Defendants deny the allegations contained in paragraph 16 of the Complaint.

17.     Defendants deny the allegations contained in paragraph 17 of the Complaint.

18.     Defendants deny the allegation contained in paragraph 18 of the Complaint.

19.     Defendants deny the allegations contained in paragraph 19 of the Complaint.

20.     Defendants deny that Plaintiff is entitled to the judgment and relief demanded in paragraphs (a) – (c) of the "WHEREFORE" clause of Count I of Plaintiff's Complaint.

21.     Paragraph 20 of the Complaint contains a statement to which no response is required.

22.     Defendants deny the allegations contained in paragraph 21 of the Complaint.

23.     Defendants deny the allegations contained in paragraph 22 of the Complaint.

24.     Defendants deny the allegations contained in paragraph 23 of the Complaint.

25.     Defendants deny the allegations contained in paragraph 24 of the Complaint.

26.     Defendants deny the allegation in paragraph 25 of the Complaint.  Defendants further deny that Plaintiff is entitled to the judgment and relief demanded in paragraphs 25(a) – (c) of the "WHEREFORE" clause of Count II of Plaintiff's demand for judgment.

27.     Paragraph 26 of the Complaint contains a statement to which no response is required. .

28.     Defendants rely on the provisions of the Labor Contract referenced in paragraph 27 of the Complaint to speak for itself. To the extent an answer is required, Defendants deny the allegations contained in paragraph 27.

29.     Defendants are without information sufficient to admit or deny the allegations in paragraph 28 of the Complaint and demand proof thereof.  Defendants deny the remaining allegations contained in paragraph 28 of the complaint.

30.     Defendants are without information sufficient to admit or deny the allegations in paragraph 29 of the Complaint and demands proof thereof.  To the extent an answer is required, Defendants deny the allegations contained in paragraph 29.

31.     Defendants deny the allegations contained in paragraph 30 of the Complaint.

32.     Defendants rely on the provisions of the Labor Contracts and Trust Agreements referenced in paragraph 31 of the Complaint to speak for themselves.  Paragraph 31 also contains legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations contained in paragraph 31.

33.     The allegations contained in paragraph 32 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 32 of the Complaint.

34.     The allegations in paragraph 33 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 33 of the Complaint.

35.    Defendants deny that the Plaintiff is entitled to the judgment and relief demanded in paragraphs (a) – (c) of the "WHEREFORE" clause of Count III of Plaintiff's Complaint.

36.    Paragraph 34 of the Complaint contains a statement to which no response is required.

37.    Defendants deny the allegations contained in paragraph 35 of the Complaint.

38.    Defendants deny the allegations contained in paragraph 36 of the Complaint.

39.    Defendants deny that the Plaintiff is entitled to the judgment and relief demanded in paragraphs (a) – (c) of the "WHEREFORE" clause of Count IV[1] of Plaintiff's Complaint.

40.    Paragraph 37 of the Complaint contains a statement to which no response is required.

41.    Defendants deny the allegations contained in paragraph 38 of the Complaint.

42.    Defendants are without information sufficient to admit or deny the allegations in paragraph 39 of the Complaint and demands proof thereof.  To the extent an answer is required, Defendants deny the allegations contained in paragraph 39.

43.    Defendants deny the allegations contained in paragraph 40 of the Complaint.

44.    Defendants deny that the Plaintiff is entitled to the judgment and relief demanded in paragraphs (a) – (b) of the "WHEREFORE" clause of Count V of Plaintiff's Complaint.

45.    Paragraph 41 of the Complaint contains a statement to which no response is required.  To the extent an answer is required, Defendants deny the allegations contained in paragraph 41.

---

[1] Count IV of the Complaint is improperly labeled as Count VI.  For clarification purposes, Defendants refer to "Count IV" as the count after Count III in the Complaint.

46.    The allegations contained in paragraph 42 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 42 of the Complaint.

47.    Defendants deny the allegations contained in paragraph 43 of the Complaint.

48.    The allegations contained in paragraph 44 of the Complaint contain legal conclusions to which no response is required.

49.    Defendants deny that the Plaintiff is entitled to the judgment and relief demanded in paragraphs (a) – (b) of the "WHEREFORE" clause of Count VI of Plaintiff's Complaint.

50.    Paragraph 45 of the Complaint contains a statement to which no response is required.  To the extent an answer is required, Defendants deny the allegations contained in paragraph 45.

51.    Defendants rely on the provisions of the Labor Contract referenced in paragraph 46 of the Complaint to speak for itself.  To the extent an answer is required, Defendants deny the allegations contained in paragraph 46.

52.    Defendants deny the allegations contained in paragraph 47 of the Complaint.

53.    Defendants deny the allegations contained in paragraph 48 of the Complaint.

54.    Defendants deny the allegations contained in paragraph 49 of the Complaint.

55.    Defendants deny the allegations contained in paragraph 50 of the Complaint.

56.    Defendants deny the allegations contained in paragraph 51 of the Complaint.

57.    Defendants deny the allegation in paragraph 52 of the Complaint.

58.    Defendants deny the allegation in paragraph 53 of the Complaint.

59.    Defendants deny the allegation in paragraph 54 of the Complaint.

60.    The allegations contained in paragraph 55 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 55 of the Complaint.

61.    Defendants deny the allegations contained in paragraph 56 of the Complaint.

62.    Defendants deny that the Plaintiff is entitled to the judgment and relief demanded in paragraphs (1) – (2) of the "WHEREFORE" clause of Count VII of Plaintiff's Complaint.

63.    All allegations in the Complaint not specifically admitted are hereby denied.

## SECOND DEFENSE

The Complaint must be dismissed because it fails to state a claim against Defendants upon which relief may be granted.

## THIRD DEFENSE

The Complaint must be dismissed because Plaintiff has failed to exhaust its contractual and administrative remedies.

## FOURTH DEFENSE

The Complaint must be dismissed because the Trustees of the "Fund" are indispensable parties to the claims asserted in this case.

## FIFTH DEFENSE

The Complaint must be dismissed because Plaintiff lacks standing to bring the claims asserted in the Complaint.

## SIXTH DEFENSE

The Complaint must be dismissed because it is barred by the applicable statute of limitations.

## **SEVENTH DEFENSE**

The Complaint against Rure, GSR and Gary Russo is barred by Section 302 (c)(5) of the Labor-Management Relations Act because these Defendants are not a party to a collective bargaining agreement requiring contributions to plaintiff Fund.

## **EIGHTH DEFENSE**

The Complaint against Gary Russo must be dismissed because it fails to allege a basis for asserting this Defendant intended to become personally liable for the obligations, if any, of the remaining Defendants to the Plaintiff Fund.

Respectfully submitted,

_____/s/_____
John R. Woodrum
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
Fifth Floor
2400 N Street, N.W.
Washington, D.C. 20037
Phone: (202) 887-0855
Fax: (202) 887-0866
John.Woodrum@odnss.com