IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 1:06-cv-1603 (JDB) |
| URBAN ENTERPRISES, INC., *et al.* | ) ) | |
| Defendants. | ) | |

**JOINT STATEMENT AND PROPOSED SCHEDULING
ORDER PURSUANT TO LOCAL RULE 16.3(d)**

Plaintiff, International Painters and Allied Trades Industry Pension Fund ("Pension Fund," "Fund," or "Plaintiff"), and Defendants, Urban Enterprises, Inc. ("Urban"), Rure Associates Inc., d/b/a GSR Architectural, Inc. d/b/a GSR Architectural Windows ("Rure"), and Gary Russo ("Individual Defendant" and together with Urban and Rure, "Defendants") through their undersigned counsel, conferred on January 2, 2006 and hereby jointly submit this Statement in connection with the Scheduling Conference scheduled for January 19, 2007 at 9:00 a.m.

**I.   Brief Statements of the Case.**

The parties hereby submit their respective brief statements of the case:

(a)   <u>Plaintiff's Statement of the Case</u>: Urban agreed to abide by: (i) the terms and conditions of a collective bargaining agreement(s) (singly or jointly, "Labor Contracts") with one or more local labor unions or district councils affiliated with the International Union of Painters and Allied Trades, AFL-CIO, CLC (the locals, district councils and International being referred to jointly as "Union"); and (ii) the terms of the agreement and declaration of trust of the Pension Fund ("Trust Agreement") made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful

labor relations. Under the terms of the Labor Contracts, Trust Agreement, rules and regulations as set forth in the International Painters and Allied Trades Industry Pension Plan ("Plan") and pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), Urban is required: to make monthly fringe benefit contribution payments to Pension Fund; to file remittance reports with the Pension Fund on a monthly basis; and is further obligated to submit to a contribution compliance audit. The Pension Fund alleges that Urban has violated the Labor Contracts, Trust Agreement, Plan and ERISA by failing to submit timely required fringe benefit contributions and other related amounts for the period April 2005 through November 2006. Based on information currently available to the Pension Fund, Urban currently owes contributions, interest, liquidated damages and attorneys fees' and costs as a result of its failure to submit timely remittance reports and contributions.

Plaintiff alleges that (1) the officers and management of Urban and Rure are substantially the same; (2) Rure operates from the same location as Urban; (3) Rure is engaged in the same or essentially the same business as was Urban serving the same or similar type customers; (4) employees of Urban now work for Rure using the same equipment and serving the same or similar type customers; and (5) owners and management of Rure were aware of and had full knowledge of Urban's obligation to the Fund.  Based upon these facts and others, Rure is the alter ego or successor of Urban.  Alternatively, and to the extent Rure and Urban are both actively operating, they constitute a single or joint employer.

As the alter ego or successor of Urban or, alternatively, as a single or joint employer with Urban, Plaintiff alleges that Rure is bound to the Labor Contract between the Union and Urban and individually, jointly and severally liable for all amounts owed to the Fund under the Labor Contract, Fund documents and applicable law by Urban.

Plaintiff also alleges that Individual Defendant is jointly and severally liable for all amounts which Urban may owe the Plaintiff. As the principal officer and management agent of Urban, Individual Defendant had and has the authority to make decisions as to what obligations and/or payments of Urban are/were to be paid to the Pension Fund, including the authority to make payments for his own personal benefit. Individual Defendant is responsible for collection of monies payable to the Funds resulting from labor performed by its employees covered under the Labor Contracts and for submitting corresponding monthly remittance reports for the Funds. At such time as fringe benefit contributions became due and payable by Urban to the Funds, such monies became assets of the Funds. By failing to pay these amounts to the Funds, under ERISA, Individual Defendant breached a fiduciary duty to the Funds.

(b)     Defendant's Statement of the Case:

This is a collection action brought by the plaintiff Pension Fund under ERISA for alleged delinquent benefit fund contributions. Representatives of defendant Urban Enterprises do not recall executing a collective bargaining agreement with the Painters' Union. The Company did, however, employ some union labor from April, 2005 through mid-September, 2005. No work covered by the collective bargaining agreement was performed subsequent to mid-September, 2005.

In accordance with an agreement between counsel, Urban Enterprises prepared and submitted monthly remittance reports to the Fund for the period in question. Additionally, Urban has agreed to allow plaintiff Fund to conduct an audit to determine the accuracy of the remittance reports. It is anticipated that the parties will conduct serious settlement discussions following the completion of the audit, as it is intention of defendants to resolve this matter without unnecessary litigation.

178692-1                                                                                                                                          3

**II.     Matters Governed by Local Rule 16.3(c).**

The parties further stipulate and agree to the following matters pursuant to Local Rule 16.3(c) as amended and Rule 26 of the Federal Rules of Civil Procedure:

1.    The case, in whole or in part, may be disposed of by dispositive motion, and the parties reserve their respective rights to file such a motion.

2.    The parties, at this time, do not anticipate any additional non-parties being joined; however, the parties agree that in the event that any remaining non-parties are joined, all pleadings shall be amended by no later than January 31, 2007.  The parties believe the legal and factual issues will be narrowed by the close of discovery.

3.    The parties agree that this case may be assigned to a magistrate judge for discovery purposes only.  This case should not be assigned to a magistrate judge for trial.

4.    The parties have discussed settlement and believe it to be a viable and very realistic option.

5.    The parties agree that this matter would not benefit from alternative dispute resolution.

6.    The parties are reasonably certain that this matter can eventually be resolved in part or in whole by summary judgment.  The parties submit that summary judgment motions should be due 30 days after conclusion of discovery with oppositions submitted in accordance with Local Civil Rule 7.  The decision date on these dispositive motions should be within 30 days of the reply deadline date.

7.    The parties agree to dispense with the initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure.

8. The parties ask that all discovery be completed by April 15, 2006, with the following limits on discovery:

    (a) <u>Interrogatories</u>. Maximum of twenty-five (25) interrogatories, including parts and subparts, by Plaintiff to Defendants and vice-versa, without leave of court. Responses due in accordance with Fed. R. Civ. P. 33.

    (b) <u>Document Production</u>. No maximum for requests for production of documents by each party to any other party. Responses due in accordance with Fed. R. Civ. P. 34.

    (c) <u>Requests of Admission</u>. No maximum for requests for admission by Plaintiff to Defendants and vice-versa. Responses due in accordance with Fed. R. Civ. P. 36.

    (d) <u>Depositions</u>. Maximum of ten (10) depositions by Plaintiff and ten (10) by Defendants. However, neither Plaintiff nor Defendants may exceed five (5) non-party, non-expert witness depositions without leave of Court. Each deposition is limited to a maximum of seven (7) hours (excluding a one (1) hour lunch break) unless extended by agreement of the parties or otherwise permitted by this Court.

9. The normal requirements for exchange of expert witness reports and information should prevail, with all depositions of experts to be completed within the discovery period.

10. As this is not a class action, all provisions regarding class action lawsuits are inapplicable.

11. There is no need for special bifurcation of trial or discovery.

12. The pre-trial conference should be scheduled for a date approximately 30 days after any decision on dispositive motions; or, if there are no dispositive motions, the pre-trial

conference should be scheduled for a date approximately forty-five (45) days after the close of discovery.

    13.    The Court should set a trial date at the pre-trial conference, with such date to be within 30 to 60 days after the pre-trial conference.

    Respectfully submitted,

| | |
|---|---|
| By: s/ Kent Cprek | By: /s/ John Woodrum |
| KENT CPREK | JOHN R. WOODRUM |
| D.C. Bar No. 478231 | D.C. Bar No. 933457 |
| SANFORD G. ROSENTHAL | OGLETREE, DEAKINS, NASH, |
| D.C. Bar No. 478737 | SMOAK & STEWART, P.C. |
| ELIZABETH A. COLEMAN | Fifth Floor |
| *Admitted Pro Hac Vice* | 2400 N Street, N.W. |
| JENNINGS SIGMOND, P.C. | Washington, D.C. 20037 |
| 510 Walnut Street, Suite 1600 | Telephone: (202) 887-0855 |
| Philadelphia, PA 19106 | |
| Telephone: (215) 351-0674/0615 | Attorney For Defendant |
| Attorneys for Plaintiff | |

Dated: ____January 15, 2007___