## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND )<br><br>Plaintiff, )<br><br>v. )<br><br>URBAN ENTERPRISES, INC., *et al.* )<br><br>Defendants. ) | CIVIL ACTION NO.<br>1:06-cv-1603 (JDB) |

### PLAINTIFF'S INTERROGATORIES (FIRST SET)
### DIRECTED TO ALL DEFENDANTS

Plaintiff, International Painters and Allied Trades Industry Pension Fund ("Plaintiff"),

asks that all Defendants answer the Interrogatories in Section 3 within thirty (30) days in

accordance with Rule 33 of the Federal Rules of Civil Procedure 7.

## SECTION 1   INSTRUCTIONS

In answering these Interrogatories, please follow these instructions.

1.01 **Response and Duty to Investigate**.  You must respond to these Interrogatories in writing

and under oath within thirty (30) days of receipt of the Interrogatories.  The response must be

based on all information which is available to you or which may be discovered by you from your

files, attorneys and other agents subject to your direction or control.  You must make a diligent

investigation of all files and records available to you in answering each question.


1.02   **Supplementary Response and Incomplete Answers**.  These Interrogatories continue

past the date of your original response.  If additional information becomes available to you or

any other person subject to your direction or control, you must modify your answers to these

Interrogatories and serve them upon the Plaintiffs within ten (10) days after receipt of the new

180438-1

EXHIBIT
A

information. If you cannot answer an Interrogatory in full after exercising due diligence to secure the information needed for a complete answer, answer the question to the extent possible, specify the subjects omitted, the reasons you lack information and identify any other possible sources of information concerning the unanswered portions.

1.03    **Burdensome Questions**. If you object to a question on the ground that it is burdensome, provide a succinct answer within the spirit of the question to the extent possible and explain the extent of the additional investigation or work which would be required to answer the question in full.

1.04    **Claims of Privilege**. If you claim that the answer to a question or document for which identification or description is sought by these Interrogatories is privileged: (1) identify the information or document subject to the claim of privilege with sufficient particularity to allow the Plaintiff to bring the matter before the court; (2) state the nature of the privilege asserted; and (3) describe in detail the factual basis for the claim of privilege. In particular, if you claim the attorney-client privilege, identify the speaker or author of the communication, the capacity and situation in which the speaker or author was acting when he made the communication, all recipients of a document or persons present at the making of the communication and the date of the communication.

1.05    **Cross-Reference to Documents**. You may answer an Interrogatory by reference to documents. In this situation, a copy of the document should be attached to your response to these Interrogatories or Plaintiff's Request for Production of Documents (First Set) Directed to

180438-1

All Defendants, organized or marked to identify the Interrogatory to which it relates and the original file in which the document was located.  The specific documents containing the requested information and, in lengthy documents, the page or line number containing pertinent material must be identified in your cross-reference.

1.06    **Rules of Construction**.  The following rules of construction apply to these Interrogatories.

      (a)      The conjunction "and" is also to be interpreted disjunctively.

      (b)      The disjunctive "or" is also to be interpreted conjunctively.

      (c)      The present tense of a verb includes the past tense and vice versa.

      (d)      Use of the singular includes the plural and vice versa.

      (e)      Use of the masculine gender includes the feminine gender and vice versa.

      (f)      Use of any of the functional words "each," "every," "any" and "all" includes each of the other functional words.

      (g)      Use of any conjunction of the verb "to include" is illustrative and not limiting.

1.07    **Specifying Dates**.  When in these Interrogatories you are asked to state the date on which some incident or event occurred, provide the day, month and year, if known; if the day is not known, provide the month or season along with the year; if the month and/or year is not known, identify the date by relating it to some established time (e.g., "one month after notification by the Funds").

**SECTION 2   DEFINITIONS**

2.01    "Audit Report" shall mean the report generated by Moore, Renner & Simonin, P.C. detailing the results of the audit conducted on Defendants' books and records for the period

August 1, 2004 through September 30, 2005.  A true and correct copy of the Audit Report is attached as Exhibit 1.

2.02    "Complaint" shall mean the Complaint filed in this matter.

2.03    "Contested Period" means August 1, 2004 through the present.

2.04    "Describe in detail" or "state the reason" means to:

  (a) Describe fully by reference to underlying facts rather than by ultimate facts, conclusions of law or unexplained assumptions or determinations;

  (b) Particularize as to:

    (1) time;

    (2) place; and

    (3) manner.

  (c) Identify all Documents relevant to your response.

2.05    "Document" or "Documents" means any written, recorded (visual or auditory), reproduced, filmed or graphic matter on paper, cards, tapes, film, electronic facsimile, computer storage devices, or any other media.  It includes, without limitation, memoranda, computer printouts, financial summaries, microfilm and microfiche records, notes, minutes, records, photographs, correspondence, telegrams, news releases, diaries, bookkeeping entries, financial statements, tax returns, checks, check stubs, reports, studies, charts, graphs, statements, notebooks, handwritten notes, applications, agreements, books, pamphlets, periodicals, appointment calendars, notes, records and recordings of oral conversations, work papers and any other writings or documentary material of any nature whatsoever, together with any attachments and enclosures.  Copies which are different in any way from the original, whether by interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise, and drafts leading to a final document are considered separate Documents from the original or final version of an item.

180438-1

2.06    "Fund" means International Painters and Allied Trades Industry Pension Fund.

2.07    "G. Russo" means Gary Russo, and individual defendant in this action.

2.08    The term "Identify" when used with reference to a Document means to state:

    (a)    The type of Document (e.g., memorandum, employment application, letter, etc.);

    (b)    Its date or the regular period (annual, quarterly, monthly) for which the type of Document is prepared;

    (c)    Its author (and if different, the originator and signer) or operational division or personnel responsible for preparation of a type of Document;

    (d)    The title, heading or other designation, numerical or otherwise, of the Document;

    (e)    The Persons (or if widely distributed, set forth the organization or classes or Person) to whom the Document was sent;

    (f)    The present or last known location of the Document and of each copy with unique notations or markings;

    (g)    A description, in detail, of the substance of the Document;

    (h)    If any such Document was, but no longer is, in your possession or subject to your control, the disposition which was made of it, the reason for the date of such disposition; and

    (i)    If you are no longer in possession of the original or a copy, the name, address and telephone number of the custodian of the original or copy.

2.09    "Identify" shall mean, when referring to a natural Person, to provide the following information:

    (a)    Full legal name (or if not known, as much of the name as is known) and Social Security Number or other federal income tax identification number, his job title or position and employer, or if no other identification is possible, provide a sufficient description so that he will be identifiable to the recipients of your answer;

    (b)    Title;

    (c)    Present position and business affiliation;

180438-1

(d)    The Person he was representing or for whom he was acting;

(e)    Present (or last known, with indication of the date of that last knowledge)

residence address and telephone number; and

(f)    In the case of an expert witness, his area of expertise and education, training,

experience, publications and prior qualification as an expert in the area of expertise.

2.10    "Officer" means the president, vice-president, general manager, treasurer, secretary and

comptroller of a Corporation and any other Person who performs duties corresponding to those

normally performed by Persons occupying such positions even though such Person may no

longer be serving in such capacity.

2.11    "Person" or "Persons" means all individuals and entities, including without limitation

individuals, representatives of persons, associations, companies, Corporations, Partnerships,

limited partnerships, joint ventures, trusts, estates, public agencies, departments, divisions,

subdivisions, subsidiaries, bureaus and boards.

2.12    "Relating to", "relate to", "evidence", "referring to", "refer to" and "regarding" mean

constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining,

summarizing or concerning directly or indirectly.

2.13    "Request for Admissions" means Plaintiffs' Request for Admissions (First Set) Directed

to all Defendants.

2.14    "Rure" means Rure Associates, Inc. d/b/a GSR Architectural, Inc. d/b/a GSR

Architectural Windows and any and all of its past or present officers, agents, attorneys,

accountants, shareholders, representatives, employees, affiliates, brokers or any other individuals

or organizations acting with it or on its behalf.

2.15    "Union" means District Counsel 711, International Union of Painters and Allied Trades.

180438-1

2.16    "Urban" means Urban Enterprises, Inc. and any and all of its past or present officers, agents, attorneys, accountants, shareholders, representatives, employees, affiliates, brokers or any other individuals or organizations acting with it or on its behalf.

2.17    "You" or "Your" means the party to whom these Interrogatories are directed and includes all other Persons including, but not limited to, attorneys and accountants, acting, or purporting to act, on behalf of or in service of said party.

## SECTION 3 – INTERROGATORIES

3.01    Identify each Person with whom you have consulted, upon whom you have relied, or who otherwise constituted a source of information for you in connection with the preparation of your answers to these Interrogatories and to the Request for Admissions listing with respect to each such Person, the number(s) of the Interrogatories or Request for Admissions to which the Person helped to prepare the answer, or with respect to which the Person was consulted, relied upon or otherwise constituted a source of information.  Respond to this Interrogatory in your answer to each of the following Interrogatories.

3.02    Identify all Persons whom you know or have reason to believe have any information relating in any way to the Interrogatories that follow, specifying as to each Interrogatory when he obtained the information and how such person can support your answer to each Interrogatory.

3.03    State the name, address, and relationship to Urban and/or to Rure of all persons assisting in preparing and answering these Interrogatories, and the nature of such assistance.

180438-1

3.04    For each Request for Admission that you denied, describe in detail the reason(s) for the denial, and state the true facts and identify all documents you referred to or relied upon in denying the Request for Admissions and in responding to this Interrogatory.

3.05    Identify the principal accountant, principal bookkeeper, and principal payroll preparer for Urban and for Rure and state where the accounting records, corporate records, banking records, payroll records, records of payments to Employees other than payroll, and other business records of Urban and of Rure covering the Contested Period are kept and the custodian of such records.

3.06    Identify all of Urban's and Rure's records covering the Contested Period that include information as to the number of hours worked by employees each day and the location(s) at which each such employee was working on that date and identify the Person responsible for maintaining such records.

3.07    Identify all projects and jobs on which Urban and/or Rure was involved or on which Urban and/or Rure was (had been) engaged to perform work during the Contested Period, including the location of the project, the general contractor and the owner, and the dates and total number of hours (regular and overtime) worked by each such employee on each such project.

3.08    If you dispute any of the findings contained on the Audit Report, attached as Exhibit 1, please identify the contested findings, describe in detail each item you dispute specifying the reason(s) for such dispute, and include any supporting documents.

180438-1

3.09    Identify all Persons who exercised discretion and control over the disposition of Urban's financial assets (i.e. money) in the Contested Period.

3.10    Identify all Persons who had discretion, control and decision making authority over Urban's payment of fringe benefit contributions to the Fund in the Contested Period.

3.11    During the Contested Period did Urban pay any bills or claims of any of its suppliers or other creditors instead of paying the fringe benefit contributions it owed to the Fund.  If your response is in the affirmative identify each supplier or creditor that was paid, state the date and amount of each payment, and identify who authorized each payment.

3.12    Describe in detail such evidence as you have and intend to produce at the trial of this action to support the denial of the allegations set forth in the Complaint that Gary Russo is personally liable to the Fund for the amounts owed by Urban.

3.13    Is (was) there any business relationship between Urban and Rure and, if there is (was), then describe in detail the nature, scope and extent of that relationship.

3.14    Describe in detail the nature and purpose of all payments from Urban to Rure and from Rure to Urban in the Contested Period and identify any and all Documents which evidence, refer or relate to your answer to this Interrogatory.

3.15    Identify, if not previously done so, each and every Document to which you referred in the

preparation of your answers to these Interrogatories.

3.16    Identify, if not previously done so, each and every Document to which you referred in the

preparation of your Answer to the Complaint.

3.17    Identify all documents that evidence, refer to or relate to any of the responses to any of

the Interrogatories and/or which you referred to or relied upon in response to any of the

Interrogatories.


Respectfully submitted,

JENNINGS SIGMOND, P.C.

BY:

SANFORD G. ROSENTHAL (ID NO. 478737)
ELIZABETH A. COLEMAN
(Admitted Pro Hac Vice)
The Penn Mutual Towers, 16th Floor
510 Walnut Street, Independence Square
Philadelphia, PA 19106-3683
(215) 351-0611/0644

Attorneys for Plaintiffs

Date: <u>March 6, 2007</u>

180438-1

## CERTIFICATE OF SERVICE

I state under penalty of perjury that I served the foregoing Plaintiffs' Interrogatories (First

Set) Directed to All Defendants to the parties listed below by sending same via first class mail,

postage pre-paid on the date listed below:

Eric Stuart, Esquire
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
10 Madison Avenue
Suite 402
Morristown, NJ  07960

Date:  March 6, 2007

ELIZABETH A. COLEMAN, ESQUIRE

180438-1

**URBAN ENTERPRISES, INC.**
**200 MOUNTAIN AVENUE**
**MIDDLESEX, NJ 08846**
**PH:  732-356-0543**

LOCAL:  GO 711

DATE OF REVIEW:  2/6/07

PERIOD REVIEWED: 8/1/04 – 9/30/05

CONTACT:  LINDA BRINKER

ROBERT E. MOORE, CPA



URBAN ENTERPRISES, INC.
NOTES TO REPORT

1.    Our review was conducted at the employer's office.  Available records included payroll earnings records, payroll tax returns and W-2's.

2.    Amounts paid the Fund – Review period                    $14,755.06

Summary of amounts due the Fund

|  | Pension | Annuity | FTI | LMCI | PAT | Total |
|---|---|---|---|---|---|---|
| Total deficiencies | $ 756.00 | $908.56 | $11.55 | $11.55 | $16.17 | $1,703.83 |
| Cost of audit | 2,277.20 | -- | 16.31 | 16.31 | 21.47 | 2,331.29 |
| Interest | 205.03 | -- | 1.35 | 1.35 | 1.93 | 209.66 |
| Total | $3,238.23 | $908.56 | $29.21 | $29.21 | $39.57 | $4,244.78 |

The above deficiencies represent incremental hours only.  In addition to the above amounts, the Fund has reports totaling $63,080.43 that are unpaid covering the period 2/01/05 – 9/30/05.  Of this amount, $1,397.95 represents contributions on wages paid by GSR Architectural, Inc., which became the successor employer to Urban Enterprises, Inc., and is not signatory to the CBA.

3.    Interest in the amount of $209.66 has been calculated from the due date of the report where each deficiency was rated through 2/20/07 as follows:

|  |  |  |
|---|---|---|
| 10/1/04 | 3/31/05 | 5% |
| 4/1/05 | 9/30/05 | 6% |
| 10/1/05 | 6/30/06 | 7% |
| 7/1/06 | 2/20/07 | 8% |

URBAN ENTERPRISES
2006 DC 711 WAGES PAID

| SSN | NAME | JAN. | FEB. | MARCH | APRIL | MAY | JUNE | JULY | AUG. | SEPT. | OCT. | NOV. | DEC. | TOTAL HOURS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | J. Lenn | | | | | | | | 2,232.00 | | | | | 2,232.00 |
| 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 | A. Owens | | | | | | | | 1,016.80 | | | | | 1,016.80 |
| | | | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | | | 0.00 |
| TOTAL | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 3,248.80 | 0.00 | 0.00 | 0.00 | 0.00 | 3,248.80 |

DOLLAR AMOUNTS DUE

| FUND | DATE | RATE | DATE | RATE | JAN. | FEB. | MARCH | APRIL | MAY | JUNE | JULY | AUG. | SEPT. | OCT. | NOV. | DEC. | TOTAL DOLLARS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Annuity | 5/05 | 0.04 | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $129.95 | $0.00 | $0.00 | $0.00 | $0.00 | $129.95 |
| TOTAL | | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $129.95 | $0.00 | $0.00 | $0.00 | $0.00 | $129.95 |

TOTALS DUE

| Due to Annuity | $129.95 |
|---|---|
| | $129.95 |

URBAN ENTERPRISES
2005 HOURS WORKED DC 711

| SSN | NAME | JAN. | FEB. | MARCH | APRIL | MAY | JUNE | JULY | AUG. | SEPT. | OCT. | NOV. | DEC. | TOTAL HOURS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | J. Leon | | | | | | | | 8.00 | | | | | 8.00 |
| 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 | A. Owens | | | | | | | | 40.00 | | | | | 40.00 |
| | | | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | | | 0.00 |
| TOTAL | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 48.00 | 0.00 | 0.00 | 0.00 | 0.00 | 48.00 |

DOLLAR AMOUNTS DUE

| FUND | DATE | RATE | JAN. | FEB. | MARCH | APRIL | MAY | JUNE | JULY | AUG. | SEPT. | OCT. | NOV. | DEC. | TOTAL DOLLARS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Pension | 5/05 | 0.50 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $24.00 | $0.00 | $0.00 | $0.00 | $0.00 | $24.00 |
| FTI | 5/05 | 0.05 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $2.40 | $0.00 | $0.00 | $0.00 | $0.00 | $2.40 |
| PAT | 5/05 | 0.07 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $3.36 | $0.00 | $0.00 | $0.00 | $0.00 | $3.36 |
| Industry Advancement | 5/05 | 0.05 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $2.40 | $0.00 | $0.00 | $0.00 | $0.00 | $2.40 |
| TOTAL | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $32.16 | $0.00 | $0.00 | $0.00 | $0.00 | $32.16 |

TOTALS DUE

| | |
|---|---|
| Due to Pension | $24.00 |
| Due to FTI | $2.40 |
| Due to PAT | $3.36 |
| Due to Industry Advancement | $2.40 |
| | $32.16 |

URBAN ENTERPRISES
2005 DC 711 WAGES PAID

| SSN | NAME | JAN. | FEB. | MARCH | APRIL | MAY | JUNE | JULY | AUG. | SEPT. | OCT. | NOV. | DEC. | TOTAL HOURS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | B. Cooke | -400.60 | | | | | | | | | | | | -400.60 |
| 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 | D. Hand | -61.00 | | | | | | | | | | | | -61.00 |
| 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 | W. O'Neill | | | | | 220.00 | | | | | | | | 220.00 |
| 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 | J. Eldridge | | | | | | | 1,240.00 | | | | | | 1,240.00 |
| 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 | K. Peters | | | | | | | 384.00 | 982.00 | | | | | 1,366.00 |
| 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 | R. Liput | | | | | | | | 62.00 | 496.00 | | | | 558.00 |
| 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 | M. Rhodes | | | | | | | | 102.75 | | | | | 102.75 |
| | | | | | | | | | | | | | | 0.00 |
| TOTAL | | -461.60 | 0.00 | 0.00 | 0.00 | 220.00 | 0.00 | 1,624.00 | 1,146.75 | 496.00 | 0.00 | 0.00 | 0.00 | 3,025.15 |

DOLLAR AMOUNTS DUE

| FUND | DATE | RATE | DATE | RATE | JAN. | FEB. | MARCH | APRIL | MAY | JUNE | JULY | AUG. | SEPT. | OCT. | NOV. | DEC. | TOTAL DOLLARS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Annuity | 1/05 | 0.11 | 5/05 | 0.12 | ($50.78) | $0.00 | $0.00 | $0.00 | $26.40 | $0.00 | $194.88 | $137.61 | $59.52 | $0.00 | $0.00 | $0.00 | $367.63 |
| TOTAL | | | | | ($50.78) | $0.00 | $0.00 | $0.00 | $26.40 | $0.00 | $194.88 | $137.61 | $59.52 | $0.00 | $0.00 | $0.00 | $367.63 |

TOTALS DUE

Due to Annuity   $367.63

$367.63

URBAN ENTERPRISES
2005 HOURS WORKED DC 711

| SSN | NAME | JAN. | FEB. | MARCH | APRIL | MAY | JUNE | JULY | AUG. | SEPT. | OCT. | NOV. | DEC. | TOTAL HOURS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | B. Cooke | -8.00 | | | | | | | | | | | | -8.00 |
| 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 | D. Hand | -2.00 | | | | | | | | | | | | -2.00 |
| 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 | W. O'Neil | | | | | 16.00 | | | | | | | | 16.00 |
| 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 | J. Eldridge | | | | | | | 40.00 | | | | | | 40.00 |
| 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 | K. Peters | | | | | | | 16.00 | 32.00 | | | | | 48.00 |
| 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 | R. Liput | | | | | | | | 2.00 | 16.00 | | | | 18.00 |
| 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 | M. Rhodes | | | | | | | | 3.00 | | | | | 3.00 |
| | TOTAL | -10.00 | 0.00 | 0.00 | 0.00 | 16.00 | 0.00 | 56.00 | 37.00 | 16.00 | 0.00 | 0.00 | 0.00 | 115.00 |

DOLLAR AMOUNTS DUE

| FUND | DATE | RATE | DATE | RATE | JAN. | FEB. | MARCH | APRIL | MAY | JUNE | JULY | AUG. | SEPT. | OCT. | NOV. | DEC. | TOTAL DOLLARS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Pension | 1/05 | 4.00 | | | ($40.00) | $0.00 | $0.00 | $0.00 | $64.00 | $0.00 | $224.00 | $148.00 | $64.00 | $0.00 | $0.00 | $0.00 | $460.00 |
| FTI | 1/05 | 0.05 | | | ($0.50) | $0.00 | $0.00 | $0.00 | $0.80 | $0.00 | $2.80 | $1.85 | $0.80 | $0.00 | $0.00 | $0.00 | $5.75 |
| PAT | 1/05 | 0.07 | | | ($0.70) | $0.00 | $0.00 | $0.00 | $1.12 | $0.00 | $3.92 | $2.59 | $1.12 | $0.00 | $0.00 | $0.00 | $8.05 |
| Industry Advancement | 1/05 | 0.05 | | | ($0.50) | $0.00 | $0.00 | $0.00 | $0.80 | $0.00 | $2.80 | $1.85 | $0.80 | $0.00 | $0.00 | $0.00 | $5.75 |
| | | | | TOTAL | ($41.70) | $0.00 | $0.00 | $0.00 | $66.72 | $0.00 | $233.52 | $154.29 | $66.72 | $0.00 | $0.00 | $0.00 | $479.55 |

TOTALS DUE

| | |
|---|---|
| Due to Pension | $460.00 |
| Due to FTI | $5.75 |
| Due to PAT | $8.05 |
| Due to Industry Advancement | $5.75 |
| | $479.55 |

URBAN ENTERPRISES
2004 HOURS WORKED DC 711

| SSN | NAME | JAN. | FEB. | MARCH | APRIL | MAY | JUNE | JULY | AUG. | SEPT. | OCT. | NOV. | DEC. | TOTAL HOURS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | B. Cooke | | | | | | | | | 8.00 | | | 14.00 | 22.00 |
| 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 | J. Platcosta | | | | | | | | | 32.00 | | | | 32.00 |
| 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 | D. Hand | | | | | | | | | | | | 14.00 | 14.00 |
| | | | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | | | 0.00 |
| TOTAL | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 40.00 | 0.00 | 0.00 | 28.00 | 68.00 |

DOLLAR AMOUNTS DUE

| FUND | DATE | RATE | DATE | RATE | JAN. | FEB. | MARCH | APRIL | MAY | JUNE | JULY | AUG. | SEPT. | OCT. | NOV. | DEC. | TOTAL DOLLARS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Pension | 8/04 | 4.00 | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $160.00 | $0.00 | $0.00 | $112.00 | $272.00 |
| FTI | 8/04 | 0.05 | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $2.00 | $0.00 | $0.00 | $1.40 | $3.40 |
| PAT | 8/04 | 0.07 | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $2.80 | $0.00 | $0.00 | $1.96 | $4.76 |
| Industry Advancement | 8/04 | 0.05 | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $2.00 | $0.00 | $0.00 | $1.40 | $3.40 |
| TOTAL | | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $166.80 | $0.00 | $0.00 | $116.76 | $283.56 |

TOTALS DUE

| | |
|---|---|
| Due to Pension 1 | $272.00 |
| Due to FTI | $3.40 |
| Due to PAT | $4.76 |
| Due to Industry Advancement | $3.40 |
| | $283.56 |

**URBAN ENTERPRISES**
**2004 DC 711 WAGES PAID**

| SSN | NAME | JAN. | FEB. | MARCH | APRIL | MAY | JUNE | JULY | AUG. | SEPT. | OCT. | NOV. | DEC. | TOTAL HOURS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | G. Capone | | | | | | | | | 1,220.00 | | | | 1,220.00 |
| 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 | B. Cooke | | | | | | | | | 195.10 | | | 704.55 | 899.65 |
| 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 | J. Plakosta | | | | | | | | | 976.00 | | | | 976.00 |
| 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 | D. Hand | | | | | | | | | | | | 640.50 | 640.50 |
| | | | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | | | 0.00 |
| TOTAL | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2,391.10 | 0.00 | 0.00 | 1,345.05 | 3,736.15 |

**DOLLAR AMOUNTS DUE**

| FUND | DATE | RATE | DATE | RATE | JAN. | FEB. | MARCH | APRIL | MAY | JUNE | JULY | AUG. | SEPT. | OCT. | NOV. | DEC. | TOTAL DOLLARS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Annuity | 8/04 | 0.11 | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $263.02 | $0.00 | $0.00 | $147.96 | $410.98 |
| TOTAL | | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $263.02 | $0.00 | $0.00 | $147.96 | $410.98 |

**TOTALS DUE**

| | |
|---|---|
| Due to Annuity | $410.98 |
| | $410.98 |