| Taper B-Rate | 5/1/00 | 5/1/01 | 5/1/02 | 5/1/03 | 5/1/04 | 5/1/05 |
|---|---|---|---|---|---|---|
| Journeyman | $22.00 | $22.50 | $23.00 | $23.50 | $24.00 | $24.55 |
| Foreman | $24.20 | $24.75 | $25.30 | $25.85 | $26.40 | $27.00 |
| General Foreman | $25.30 | $25.85 | $26.45 | $27.05 | $27.60 | $28.25 |
| Annuity | 14% Gross | 12% Gross | 12% Gross | 12% Gross | 12% Gross | 12% Gross |
| Health & Welfare | 14% Gross | 14% Gross | 14% Gross | 14% Gross | 14% Gross | 14% Gross |
| Education & Training | 1% Gross | 1% Gross | 1% Gross | 1% Gross | 1% Gross | 1% Gross |
| Pension | $3.00 | $3.30 | $3.60 | $3.90 | $4.20 | $4.50 |
| L.M.C.F. | .05 | .05 | .05 | .05 | .05 | .05 |
| National Apprentice | .05 | .05 | .05 | .05 | .05 | .05 |
| Package | $31.48 | $31.975 | $32.91 | $22.84 | $34.78 | $35.779 |

22



| Glazier | 5/1/00 | 5/1/01 | 5/1/02 | 5/1/03 | 5/1/04 | 5/1/05 |
|---|---|---|---|---|---|---|
| Journeyman | $28.50 | $29.20 | $29.90 | $30.60 | $31.30 | $32.05 |
| Foreman | $31.35 | $32.15 | $32.90 | $33.65 | $34.45 | $35.25 |
| General Foreman | $32.75 | $33.60 | $34.40 | $35.20 | $36.00 | $36.85 |
| Annuity | 12% Gross | 12% Gross | 12% Gross | 12% Gross | 12% Gross | 12% Gross |
| Health & Welfare | 14% Gross | 14% Gross | 14% Gross | 14% Gross | 14% Gross | 14% Gross |
| Education & Training | 1% Gross | 1% Gross | 1% Gross | 1% Gross | 1% Gross | 1% Gross |
| Pension | $3.00 | $3.30 | $3.60 | $3.90 | $4.20 | $4.50 |
| L.M.C.F. | .05 | .05 | .05 | .05 | .05 | .05 |
| National Apprentice | .05 | .05 | .05 | .05 | .05 | .05 |
| Package | $39.30 | $40.48 | $41.67 | $42.86 | $44.05 | $45.30 |

24



6.5  (A)   Apprentice rates shall be the following percentages of the base rate:

| First | 4 Months | 30% |
|---|---|---|
| 5 to | 8 Months | 40% |
| 9 to | 12 Months | 50% |
| 13 to | 16 Months | 60% |
| 17 to | 20 Months | 70% |
| 21 to | 24 Months | 75% |
| 25 to | 28 Months | 80% |
| 29 to | 32 Months | 85% |
| 33 to | 36 Months | 90% |

(B)   The change in rate shall apply after regular attendance at apprentice school and passing regular skills test. Journeyman status after 6000 hours of training.

(C)   Fringe benefits shall be a percentage (%) of the base wage listed in 6.4 as follows:

| Year | H & W | Pension | Annuity |
|---|---|---|---|
| First | 13% | | |
| Second | 14% | .50 hr. | 4% |
| Third | 14% | 1.00 hr. | 8% |

6.6   Effective May 1, 2000 the employer shall deduct $1.00 per hour from the pay of all Painters and Tapers; the deduction shall be $0.50 per hour from Glaziers pay. Effective May 1, 2001 the deduction shall also be $1.00 per hour from Glaziers pay. The deductions shall be paid into the Vacation Fund of District Council 711.

6.7   On jobs of four (4) or more employees, one person shall be designated as foreman. A general foreman shall be designated on jobs of fifteen (15) or more employees.

6.8   All employees shall be paid weekly at least 30 minutes prior to the end of the work day. Not more than three (3) days pay shall be held back for the period between the close of the pay period and pay day. A statement of earnings and deductions shall accompany the pay.

6.9   Employees shall be notified and paid in full at least thirty (30) minutes before being laid off at lunch or quitting time.

6.10   Employers who send employees to jobs outside the territorial jurisdiction shall pay the expense of travel, room and board.

26



in the shop for the periods indicated above for which they are paid.

(B)   In the event weather conditions require the stoppage of work on any day after work has begun, employees shall be paid to the next full hour.

7.6   If an employee fails to report to work and the employer finds he cannot use the employee upon his return to work, the employer shall have the option of either paying off the employee at once or requesting him to wait for any wages due him until the next regular pay day. Waiting time shall not enter into the settlement.

7.7   The following are recognized holidays: New Year's Day, Memorial Day, Independence Day, Labor Day, General Election Day - afternoon (a full 8 hour day at regular wage rates is permitted prior to noon), Veterans Day, Thanksgiving Day, and Christmas Day.

7.8   In the event work is lost due to weather or job conditions, work may be accomplished on Saturday, Sunday at the regular straight time rate to make up for the lost time.

7.9   (A)   Ten percent (10%) shall be added to the previously indicated wage rates for any eight (8) hours work outside the regular work day. Fifteen percent (15%) shall be added to the wage rates for any second shift outside the regular work day.

(B)   In addition to the added amounts in 7.9A, when three (3) shifts exist, the second shift shall receive eight (8) hours pay for seven and one half (7 1/2) hours work; the third shift shall receive eight (8) hours pay for seven (7) hours work.

(C)   The above applies to work classification 6.1(A) only.

## ARTICLE 8
### CONTRACTUAL RELATIONS & OBLIGATIONS

8.1   One member of a firm is allowed to work with the tools and a contractor is one that employs, on average, at least one person throughout the year.

8.2   Each employer shall carry comprehensive kinds of insurance such as, but not limited to, worker's compensation, public liability and property damage on equipment, automotive and otherwise, when used by its employees. as well as other coverage carried by custom or practice in this

by any grievance or arbitration procedure or any "no strike" clause which may be provided or set forth elsewhere in this Agreement.

8.6   The Union agrees that journeymen will not be referred to a builder unless extenuating circumstances justifies the referral and the coalition is consulted prior to providing any employees.

8.7   In the event that a builder or general contractor owes monies for work performed on a job to a contractor who is signatory to an agreement with the Union, they will endeavor to do everything legally possible to see that all just debts owed to the contractor shall have been settled satisfactorily.

## ARTICLE 9
### WORKING CONDITIONS

9.1   The use of spray equipment is allowed to paint acoustical surfaces, ceiling grid, furniture, bar-joists, structural steel, corrugated ceiling and walls (including pipes, ducts, conduit, hangers, steel, etc. adjacent thereto), wood walls and ceilings, where exposed joists are thirty (30) inches or less on centers, fin type radiation, floors, louvers and gratings, block filler with backrolling: metal pan stairs and spindle railings, plastics and multi-color materials, lacquers and any other material deemed not brushable, and any and all work at housing projects. In the event a second employee is necessary in a spray painting operation, he shall also receive the spray rate provided he works in the immediate work area at all times the equipment is in use. He shall also relieve and otherwise assist the other person.

(A)   The Joint Board shall study other processes, materials and surfaces and shall determine those which shall be added to those mentioned herein.

(B)   The Business Manager shall be notified when spraying is contemplated.

9.2   The unrestricted use of tools of the painting trade is permitted on work classified in 6.1A (prevailing wage jobs); 6.1B; and 6.1C.

9.3   It is understood and agreed and recognized that traditional hand tools to perform work with namely hawks, trowels, bread pans, and broad knives, will be supplied by the Employees. The Employer shall furnish all other tools and equipment to work with and if at any time such tools or equipment or any material or work conditions shall constitute a hazard to health or physical safety, the Employer shall not permit his employees to

(C)  For the purpose of this Article, each hour paid for, including hours attributable to show-up time and other hours for which pay is received by the employee shall be counted as wages for which contributions are payable.

(D)  Contributions shall be paid on behalf of any employee starting with the employee's first day of employment in a job classification covered by this Agreement. This includes, but is not limited to, apprentices, journeymen, and probationary employees.

(E)  The payments to the Training Fund required above shall be made to the National Training Fund which was established under an Agreement and Declaration of Trust, dated April 1, 1967. The Employer hereby agrees to be bound by and to the said Agreement and Declaration of Trust, as though he had actually signed the same.

10.3   International Union of Painters and Allied Trades Union and Industry Pension Fund.

The only agreement between the employer(s) and the Union parties to this Agreement regarding pensions or retirement for employees covered by this Agreement is as follows:

1.  (A)  Commencing with the first day of May, 2000, and for the duration of the Agreement, and nay renewals or extension thereof, the employer agrees to make payments to the IUPAT Union and Industry Pension Fund for each employee covered by this Agreement, as follows:

(B)  For each hour or portion thereof for which an employee receives pay, the employer shall make a contribution of in the amount indicated in the 6.4 charts to the above named pension fund; allocations to the IUPAT Union and Industry Pension Plan and to the IUPAT Union and Industry Annuity Plan shall be as indicated in said charts.

(C)  For the purpose of this Article, each hour paid for, including hours attributable to show-up time, and other hours for which pay is received by the employee in accordance with the Agreement, shall be counted as hours for which contributions are payable.

(D)  Contributions shall be paid on behalf of any employee starting

32

(B)  For the purpose to this Article, each hour paid for, including hours attributable to show up time, and other hours for which pay is received by the employee in accordance with the Agreement, shall be counted as hours for which contributions are payable.

(C)  Contributions shall be paid on behalf of any employee starting with the employee's first day of employment in a job classification covered by this Agreement. This includes, but is not limited to, apprentices and probationary employees.

(D)  The Employer and Union signatory to this Agreement agree to be bound by and to the Agreement and Declaration of Trust as amended from time to time, establishing the Fund.

2.  The Employer hereby irrevocably designates as its representative on the Board of Trustees such Trustees as are now serving, or who will in the future serve, as Employer Trustees, together with their successors.

3.  All contributions shall be made at such times and in such manner as the Trustees require; and the Trustees may at any time conduct an audit in accordance with the Agreement and Declaration of Trust.

11.2  Industry Advancement Fund:

1.  Effective May 1, 2000 each employer shall make a contribution of three cents ($.03) per hour per painter, fifteen cents ($.15) per hour per taper, and fifteen cents ($.15) per hour per glazier for each hour worked by each employee to the "Industry Advancement Fund" heretofore established and administered by Trustees appointed by each of the three (3) members of the Coalition solely for the advancement, and improvement of the trade and the payment of expenses in carrying out such programs and responsibilities.

## ARTICLE 12
## POLITICAL ACTION FUND

12.1  Employers signatory to this agreement shall deduct form the wages of each Union Employee, the voluntary sum of seven cents ($.07) for each hour worked as a non-deductible political contribution to the DC

34

(A)  The shop steward may handle routine grievances on the job but is not authorized to call work stoppages or make any agreement which contradicts, changes, modifies or alters the terms of this agreement.

(B)  In the event of emergent difficulties, he shall so notify the Business Manager.

(C)  Except for general foreman and foreman, the steward is senior and, provided he remains qualified to do the work, the shop or job steward shall be the last person laid off among the employees in the bargaining unit in any shop and/or job.

## ARTICLE 15
## SUBCONTRACTING

15.1  Subcontracting shall not be permitted except to signatory contractors whose employees receive comparable wages, hours of work and working conditions as hereunder.

(A)  Unemployed Union Painters may take work on a contract basis not to exceed one thousand dollars ($1,000.00). The member must notify the Union before starting the job and the Union shall advise the Association of the job. If there is no objection based upon the fact that an Association member bid the job, the Union member may commence the work. A Union member in violation shall be brought before the Joint Trade Board and, if found guilty, shall be fined one thousand dollars ($1,000.00) for the first offense; two thousand dollars ($2,000.00) for the second offense; and expelled from the Union for the third offense.

## ARTICLE 16
## PRESERVATION OF WORK CLAUSE

16.1  To protect and preserve, for the employees covered by this Agreement, all work they have performed and all work covered by this Agreement, and to prevent any device or subterfuge to avoid the protection and preservation of such work, it is agreed as follows: If the employer performs on site construction work of the type covered by this Agreement, under its own name or the name of another, as a corporation, company, partnership, or other business entity, including a joint venture, wherein the employer, through its officers, directors, partners, owners, or stockholders, exercises directly or indirectly (through family members or otherwise) man-

36

(B)  Ten (10) members, five (5) representing each party, shall constitute a quorum. Decisions shall be made by majority vote provided that the Union representatives and Association representatives shall have equal voting strength with respect to each vote. Members of the Joint Board shall choose a chairman and co-chairman to serve such terms as agreed upon by the Board, provided that one such officer shall represent each party.

17.2  The Joint Board shall meet regularly at least once every three (3) months. Special meetings may be called by the chairman or co-chairman when prompt hearing and decision is required in any dispute.

17.3  The Joint Board is empowered to hear and decide all grievances and disputes which may arise between the parties as to the interpretation or application of this agreement; to award or assess remedies, damages and penalties for violations of this agreement provided, however, any assessment of damages shall not exceed Five Thousand Dollars ($5,000.00); to issue interpretive rulings or other rules and regulations as it deems necessary to give force and effect to the purpose and intention of this agreement; to investigate all grievances and disputes submitted to it, including audits of records; to recommend amendments to or changes in the agreement but only upon the written request of both parties; to appoint such persons or committees as necessary to aid the Board in the performance of its duties; and to demand of those who repeatedly violate this agreement the posting of a cash or surety bond to assure future compliance.

17.4  All grievances and disputes shall be submitted in writing to the chairman and co-chairman.

17.5  If all facilities to resolve disputes over the interpretation of the terms or conditions of an existing agreement have failed of settlement, both parties agree before strike or lockout, or the resort to proceedings before the National Labor Relations Board, State Government Boards or the courts, to submit the dispute to the Joint National Trade Board for binding decision. The Joint National Trade Board is hereby authorized and empowered to delegate any question or issue submitted, to a committee of two (2), one (1) of whom shall be appointed by each of the respective presidents of the IUPAT and the National Trade organization of the affected coalition member for the purpose of investigation, making recommendations to the Board, or, in fact, resolving or determining the particular issue, which determination shall be binding with the same force and effect as though rendered by the Board itself.

17.6  The remedies and sanctions specified in this section are in addi-

38



The Employer shall give notice of the existence of this Agreement and this provision to any purchaser, transferee, lessee, assignee, etc., of the business and operation covered by this Agreement or any part thereof. Such notice shall be in writing with a copy of said notice forwarded to the Union, at the time the seller, transferor, or lessor executes a contract or transaction as herein described. The Union shall also be advised of the exact nature of the transaction, not including financial details.

In the event the Employer fails to require the purchaser, transferee, or lessee to assume the obligations of this Agreement, the Employer (including partners thereof) shall be liable to the Union, and to the employees covered for all damages sustained as a result of such failure to require assumption of the terms of this Agreement, but shall not be liable after the purchaser, transferee, or lessee has agreed in writing to assume to obligations of this Agreement. Retail establishments are exempt herefrom.

## ARTICLE 19
## GENERAL SAVINGS CLAUSE

If any article or section of this Agreement should be held invalid by operation of law or by any tribunal of competent jurisdiction, or if compliance with or enforcement of any Article or Section should be restrained by such tribunal pending a final determination as to its validity, the remainder of this Agreement or the application of such Article or Section to persons or circumstances other than those as to which it has been held invalid or as to which compliance with or enforcement of has been restrained, shall not be affected thereby.

In the event that any article or Section is held invalid or enforcement of or compliance with any article or section has been restrained, as above set forth, the affected parties shall meet at the request of the Union, for the purpose of arriving at a mutually satisfactory replacement for such article or section during the period of invalidity or restraint. If the parties do not agree on a mutually satisfactory replacement within sixty (60) days after beginning of the period of invalidity or restraint, either party shall be permitted all legal or economic recourse in support of its demands notwithstanding any provision in this agreement to the contrary.

## ARTICLE 20
## DURATION CLAUSE

20.1   Previously negotiated existing agreement shall remain in full force and effect until and including April 30, 2000. Thereafter said Agreement shall be null and void.

W1149 · DC711

THE PARTIES HERETO ARE DESIROUS OF ENTERING INTO AN AGREEMENT TO SET FORTH CONTROL AND REGULATE THE WAGES, HOURS, FRINGE BENEFITS, TERMS AND CONDITIONS OF EMPLOYMENT UNDER WHICH THE EMPLOYERS WILL EMPLOY PAINTERS, TAPERS, GLAZIERS AND ALLIED TRADES. EFFECTIVE MAY 1, 2000 THROUGH APRIL 30, 2006.

AT THE COMMENCEMENT OF EACH CONTRACT YEAR OR UPON BEGINNING OF WORK WITHIN THE TERRITORY DURING EACH CONTRACT YEAR, EACH EMPLOYER SHALL PAY THE JOINT TRADE BOARD THE SUM OF FIFTY DOLLARS ($50.00) (SEE ARTICLE 17.9).

BUSINESS NAME ___URBAN ENTERPRISES, INC.___

BUSINESS ADDRESS __200 MOUNTAIN AVE. MIDDLESEX, NJ 08846__

PHONE # _732-356-0543_   FAX # _732-356-8396_

FEDERAL ID # ___22-1762335___

WORKMEN COMPENSATION INS. CO. _NJ MANUFACTURER_

UNEMPLOYMENT COMPENSATION _NEW JERSEY_

TEMPORARY DISABILITY BENEFITS INS. _As Above_

SIGNED THIS __20th__ DAY OF _July_ 20 _05_

EMPLOYERS SIGNATURE & POSITION _____

FOR THE UNION _____
PATRICK J. BRENNAN, BUSINESS MANAGER OF DISTRICT COUNCIL 711

DISTRICT COUNCIL 711
INTERNATIONAL UNION OF
PAINTERS AND ALLIED TRADES
STATE OF NEW JERSEY

UNION COPY

URBAN ENTERPRISES, I[  ]
U01149
DC000711001000000 / Z01 / 100 / 00 / DC000711
(0711 DC)

NO. 586   ₧01

d Industry Pension Annuity Funds

| Pension | Per Hour | Hrs/ Wages | Amount Due | | | |
|---|---|---|---|---|---|---|
| Jmmn hrs | @ $4.00 | 544 | $  2,176.00 | Month of: | Feb-05 | |
| 1st Yr Appr. | @ $0.00 | | $  - | Employer Code: | U1149 | |
| 2nd Yr Appr. | @ $0.50 | | $  - | DC Local: | G00711 | |
| 3rd Yr Appr. | @ $1.00 | | $  - | | | |
| Subtotal Pension | | | $  2,176.00 | Federal ID#: | 22-1762335 | |

| Annuity | % of Gross | | | Employer Name & Address: | |
|---|---|---|---|---|---|
| Jmmn | @ 11% | $ 17,507.00 | $  1,925.77 | Urban Enterprises Inc. | |
| 1st Yr Appr. | @ 0% | $  - | $  - | 200 Mountain Avenue | |
| 2nd Yr Appr. | @ 4% | $  - | $  - | Middlesex, NJ 08846 | |
| 3rd Yr Appr. | @ 8% | $  - | $  - | Project Location | |
| Subtotal Annuity | | | | Steen School | |
| | | | | Bogota, NJ | |

We warrant this report to be true & correct and in agreement with our payroll records.

| Total Due Payable to: | | Prepared by: | Date: |
|---|---|---|---|
| IBPAT PENSION FUND | $  4,101.77 | Linda Brinker | 3/7/2005 |

Sho 4/101.77    7/05

Covering Periods From:     February 1, 2005   TO:    February 28, 2005

| Social Security Number | Employee Name | Total Hours | Total Gross Wages | District Council 711 New Construction | | |
|---|---|---|---|---|---|---|
| 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 | D. Della Cerra | 120 | $ 3850.00 | Fringe Benefit Report | | |
| 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 | B. Cooke | 150 | $ 4887.00 | Helath & Welfare Fd | Hrs/ Wages | Amount Due |
| 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 | A. Glavez | 120 | $ 3380.00 | Journeymen Gross @ 18%= | $ 17,507.00 | $ 3,151.26 |
| 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 | D. Hand | 166 | $ 5490.00 | 1st Yr Appr. Gross @ 13%= | $  - | $  - |
| | | 544 | 12500.00 | 2nd Yr Appr. Gross @ 14%= | | $  - |
| | | | | 3rd Yr Appr. Gross @ 14%= | | $  - |
| | | | | Due H & W = | $ 17,507.00 | $ 3,151.26 |
| | | | | Apprenticeship Fund | | |
| | | | | Gross @ 2 %= | $ 17,507.00 | $350.14 |
| | | | | Dues Check Off | | |
| | | | | Gross @ 5 %= | $ 17,507.00 | $875.35 |
| | | | | LMCF; PAC; N-App; IAF | | |
| | | | | Hours @ $0.32 | 544 | $174.08 |
| | | | | Vacation Fund | | |
| | | | | Hours @ $1.00 | 544 | $544.00 |
| | | | | Total Due payable to: | | 106 14 |
| | | | | DC 711 Disbursal Fund | | $ 9194.60 |
| | | | | | | $ 5,094.83 |

H = 3869.34

P4A-
D = 875.35 (4101.77) = 4977.12

9/26/05

EXHIBIT

2006  03/30  11:02:40          5096530795          3/4

03/30                                                                    NO.586    D03

**URBAN ENTERPRISES, INC.**
**U01149**
**DC000711001000000 / Z01 / 100 / 00 / DC000711**
**(0711 DC)**                              nd Industry Pension Annuity Funds.

3/05

| Pension | Per Hour | Hrs/ Wages | Amount Due | | | |
|---|---|---|---|---|---|---|
| Jmmn hrs | @ $4.00 | 796 | $ 3,184.00 | Month of: | Mar-05 | |
| 1st Yr Appr. | @ $0.00 | | | Employer Code: | U1149 | |
| 2nd Yr Appr. | @ $0.50 | | $ - | DC Local: | G00711 | |
| 3rd Yr Appr. | @ $1.00 | | $ - | | | |
| Subtotal Pension | | | $ 3,184.00 | Federal ID#: | 22-1762335 | |
| | | | | | | |
| | | | | Employer Name & Address: | | |
| Annuity | % of Gross | | | Urban Enterprises Inc. | | |
| Jmmn | @ 11% | $ 24,863.60 | $ 2,735.00 | 200 Mountain Avenue | | |
| 1st Yr Appr. | @ 0% | | | Middlesex, NJ 08846 | | |
| 2nd Yr Appr. | @ 4% | $ - | $ - | Project Location | | |
| 3rd Yr Appr. | @ 8% | $ - | $ - | Steen School | | |
| Subtotal Annuity | | | | Bogota, NJ | | |
| | | | | We warrant this report to be true & correct and in | | |
| | | | | aggreement with our payroll records. | | |
| Total Due Payable to: | | | | Prepared by: | Date: | |
| IBPAT PENSION FUND | | | $ 5,925.02 | Linda Brinker | 5/20/2005 | |

5919.00 or short 5919.00

3/05

### Covering Payroll Periods From:          March 1, - March 31, 2005

| Social Security Number | Employee Name | Total Hours | Total Gross Wages | District Council 711 New Construction | | Hrs/ Wages | Amount Due |
|---|---|---|---|---|---|---|---|
| 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 | B.Cooke | 200 | 5,730.00 | Fringe Benefit Report | | | |
| 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 | E. Comiskey | | | Helath & Welfare Fd | | Hrs/ Wages | Amount Due |
| 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 | A. Ripa | | | Journeymen Gross @ 18%= | | $ 24,863.60 | $ 4,475.45 |
| 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 | W. O'Neill | | | 1st Yr Appr. Gross @ 13%= | | | |
| 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 | D.Della Cerra | 200 | 6,100.00 | 2nd Yr Appr. Gross @ 14%= | | $ | - |
| 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 | D. Hand | 204 | 6,097.60 | 3rd Yr Appr. Gross @ 14%= | | | |
| 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 | A. Galvez | 192 | 4,980.00 | Due H & W = | | $ 24,863.60 | $ 4,475.45 |
| | | 596 | 24,363.60 | | | | |
| | | | | Apprenticeship Fund | | | |
| | | | | Gross @ 2 %= | | $ 24,863.60 | $497.27 |
| | | | | | | | |
| | | | | Dues Check Off | | | |
| | | | | Gross @ 5 %= | | $ 24,863.60 | $1,243.18 |
| | | | | | | | |
| | | | | LMCF; PAC; N-App; IAF | | | |
| | | | | Hours @ $0.32 | | 796 | $254.72 |
| | | | | | | | |
| | | | | Vacation Fund | | | |
| | | | | Hours @ $1.00 | | 796 | $796.00 |
| | | | | | | | |
| | | | | Total Due payable to: | | | |
| | | | | DC 711 Disbursal Fund | | | $ 7,275.77 |

Please send all contributions to: 2116 Ocean Heights Avenue, Egg Harbor, NJ 08234

CK # 10615

D=1243.18 (5923.82) = 7166.20  $ 13,198.79

He 5535.32

7/26/05

JAN-08-07 MON 03:48 PM                    FAX NO.                         P. 02

International Union of Painters and Allied Trades Union and Industry Pension Annuity Funds
Remittance Report

| Pension | Per Hour | Hrs/ Wages | Amount Due | Month of: | Apr. 05 |
|---|---|---|---|---|---|
| Jrmm hrs | @ $4.00 | 368 | $    1,472.00 | Employer Code: | U1149 |
| 1st Yr Appr. | @ $0.00 | | $ | DC Local: | G00711 |
| 2nd Yr Appr. | @ $0.50 | | $ | | |
| 3rd Yr Appr. | @ $1.00 | | $ | Federal ID#: | 22-1762335 |
| Subtotal Pension | | | $    1,472.00 | | |

| Annuity | % of Gross | | | Employer Name & Address: |
|---|---|---|---|---|
| Jrmm | @ 11% | $ 11,468.00 | $    1,261.48 | Urban Enterprises Inc. |
| 1st Yr Appr. | @ 0% | | | 200 Mountain Avenue |
| 2nd Yr Appr. | @ 4% | $        - | $        - | Middlesex, NJ 08846 |
| 3rd Yr Appr. | @ 5% | $        - | $        - | Project Location |
| Subtotal Annuity | | | | Steen School |
| | | | | Bogota, NJ |

We warrant this report to be true & correct and in
aggreement with our payroll records.

| Total Due Payable to: | | | | Prepared by: | Date: |
|---|---|---|---|---|---|
| IBPAT PENSION FUND | | | $    2,503.18 | Linda Brinker | 5/20/2005 |

### Covering Payroll Period From:          April 1, 2005 - April 30, 2005

| Social Security Number | Employee Name | Total Hours | Total Gross Wages | District Councill 711 New Construction | | |
|---|---|---|---|---|---|---|
| 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 | D.Hand | 80 | $    2,440.00 | Fringe Benefit Report | | |
| 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 | B.Cooke | 80 | $    2,694.00 | Helath & Welfare Fd | Hrs/ Wages | Amount Due |
| 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 | E. Comiskey | 64 | $    1,952.00 | Journeymen Gross @ 18%= | $ 11,468.00 | $  2,064.24 |
| 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 | A. Ripa | 64 | $    1,952.00 | 1st Yr Appr. Gross @ 13%= | $        - | $        - |
| 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 | W. O'Neill | 24 | $      732.00 | 2nd Yr Appr. Gross @ 14%= | | $        - |
| 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 | A. Glavcz | 16 | $      488.00 | 3rd Yr Appr. Gross @ 14%= | | $        - |
| 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 | D.Della Corra | 40 | $    1,220.00 | Due H & W = | $ 11,468.00 | $  2,064.24 |
| | | | | | | |
| | | | | Apprenticeship Fund | | |
| | | | | Gross @ 2 %= | $ 11,468.00 | $229.36 |
| | | | | | | |
| | | | | Dues Check Off | | |
| | | | | Gross @ 5 %= | $ 11,468.00 | $573.40 |
| | | | | | | |
| | | | | LMCF; PAC; N-App; IAF | | |
| | | | | Hours @ $0.32 | 368 | $117.76 |
| | | | | | | |
| | | | | Vacation Fund | | |
| | | | | Hours @ $1.00 | 368 | $368.00 |
| | | | | | | |
| | | | | Total Due payable to: | | |
| | | | | DC 711 Disbursal Fund | | $ 3,352.76 |

Please send all contributions to: 2116 Ocean Heights Avenue, Egg Harbor, NJ 08234

International Union of Painters and Allied Trades Union and Industry Pension Annuity Funds
Remittance Report

| Pension | Per Hour | Hrs/ Wages | Amount Due | |
|---|---|---|---|---|
| Jrmn hrs | @ $4.00 | 804 | $ 3,216.00 | Month of: |
| 1st Yr Appr. | @ $0.00 | | | Employer Code: U1149 |
| 2nd Yr Appr. | @ $0.50 | | $ | DC Local: G00711 |
| 3rd Yr Appr. | @ $1.00 | | $ | |
| Subtotal Pension | | | | Federal ID#: 22-1762335 |
| | | | | |
| **Annuity** | **% of Gross** | | | Employer Name & Address: |
| Jrmn | @ 11% | $ 25,721.00 | $ 2,829.31 | Urban Enterprises Inc. |
| 1st Yr Appr. | @ 0% | | | 200 Mountain Avenue |
| 2nd Yr Appr. | @ 4% | $ | $ | Middlesex, NJ 08846 |
| 3rd Yr Appr. | @ 8% | $ | $ | Project Location |
| Subtotal Annuity | | | | Steen School |
| | | | | Bogota, NJ |
| | | | | We warrant this report to be true & correct and in |
| | | | | aggreement with our payroll records. |
| Total Due Payable to: | | | | Prepared by: Date: |
| IBPAT PENSION FUND | | | $ 6,045.31 | Linda Brinker 6/5/2005 |

Covering Payroll Periods From:        May 1, 2005 - May 31, 2005

| Social Security Number | Employee Name | Total Hours | Total Gross Wages | District Council 711 New Construction | | | |
|---|---|---|---|---|---|---|---|
| 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 | B.Cooke | 162 | $ 5,440.00 | Fringe Benefit Report | | | |
| 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 | D. Hand | 162 | $ 5,045.00 | Helath & Welfare Fd | | Hrs/ Wages | Amount Due |
| 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 | E. Comiskey | 162 | $ 5,045.00 | Journeymen Gross @ 18%= | | $ 25,721.00 | $ 4,629.78 |
| 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 | A. Ripa | 162 | $ 5,045.00 | 1st Yr Appr. Gross @ 13%= | | | |
| 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 | W. O'Neill | 156 | $ 5,146.00 | 2nd Yr Appr. Gross @ 14%= | | | $ - |
| | | | | 3rd Yr Appr. Gross @ 14%= | | | $ - |
| | | | | Due H & W = | | $ 25,721.00 | $ 4,629.78 |
| | | | | | | | |
| | | | | Apprenticeship Fund | | | |
| | | | | Gross @ 2 %= | | $ 25,721.00 | $514.42 |
| | | | | | | | |
| | | | | Dues Check Off | | | |
| | | | | Gross @ 6 %= | | $ 25,721.00 | $1,286.05 |
| | | | | | | | |
| | | | | LMCF; PAC; N-App; IAF | | | |
| | | | | Hours @ $0.32 | | 804 | $257.28 |
| | | | | | | | |
| | | | | Vacation Fund | | | |
| | | | | Hours @ $1.00 | | 804 | $804.00 |
| | | | | | | | |
| | | | | Total Due payable to: | | | |
| | | | | DC 711 Disbursal Fund | | | $ 7,491.53 |

Please send all contributions to: 2116 Ocean Heights Avenue, Egg Harbor, NJ 08234

### International Union of Painters and Allied Trades Union and Industry Pension Annuity Funds
### Remittance Report

| Pension | Per Hour | Hrs/ Wages | Amount Due | |
|---|---|---|---|---|
| Jrmrn hrs | @ $4.00 | 1072 | $ 4,288.00 | Month of: |
| 1st Yr Appr. | @ $0.00 | | | Employer Code:  U1149 |
| 2nd Yr Appr. | @ $0.50 | | $ | DC Local:          G00711 |
| 3rd Yr Appr. | @ $1.00 | | $ | |
| Subtotal Pension | | | | Federal ID#:   22-1762335 |

| Annuity | % of Gross | | | |
|---|---|---|---|---|
| Jrmrn | @ 12% | $ 34,452.00 | $ 4,134.24 | Employer Name & Address: |
| 1st Yr Appr. | @ 0% | | | Urban Enterprises Inc. |
| 2nd Yr Appr. | @ 4% | $ | $ | 200 Mountain Avenue |
| 3rd Yr Appr. | @ 8% | $ | $ | Middlesex, NJ 08846 |
| Subtotal Annuity | | | | Project Location |
| | | | | Steen School |
| | | | | Bogota, NJ |
| Total Due Payable to: | | | | We warrant this report to be true & correct and in |
| IBPAT PENSION FUND | | $ 8,422.24 | | aggreement with our payroll records. |
| | | | | Prepared by:                    Date: |
| | | | | Linda Brinker |

### Covering Payroll Periods From:     May 26, 2005 - June 29, 2005

| Social Security Number | Employee Name | Total Hours | Total Gross Wages | District Councill 711 New Construction | | | |
|---|---|---|---|---|---|---|---|
| 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 | B.Cooke | 200 | $ 6,810.00 | Fringe Benefit Report | | | |
| 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 | D. Hand | 200 | $ 6,810.00 | Helath & Welfare Fd | | Hrs/ Wages | Amount Due |
| 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 | E. Comiskey | 192 | $ 5,952.00 | Journeymen Gross @ 19% | | $ 34,452.00 | $ 6,545.88 |
| 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 | A. Ripa | 192 | $ 5,952.00 | 1st Yr Appr. Gross @ 13% | | | |
| 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 | W.O'Neill | 184 | $ 5,704.00 | 2nd Yr Appr. Gross @ 14% | | | $ |
| 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 | A. Glavez | | | 3rd Yr Appr. Gross @ 14% | | | $ |
| 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 | D.Della Cens | | | Due H & W = | | $ 34,452.00 | |
| 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 | K. Hand | 80 | $ 2,480.00 | | | | $ 6,545.88 |
| 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 | T.Hoffman | 24 | $ 744.00 | Apprenticeship Fund | | | |
| | | | | Gross @ 2 % | | $ 34,452.00 | $689.04 |
| | | | | | | | |
| | | | | Dues Check Off | | | |
| | | | | Gross @ 5 % | | $ 34,452.00 | $1,722.60 |
| | | | | | | | |
| | | | | LMCF; PAC; N-App; IAF | | | |
| | | | | Hours @ $0.32 | | 1072 | $343.04 |
| | | | | | | | |
| | | | | Vacation Fund | | | |
| | | | | Hours @ $1.00 | | 1072 | $1,072.00 |
| | | | | | | | |
| | | | | Total Due payable to: | | | |
| | | | | DC 711 Disbursal Fund | | | $ 10,372.56 |

**International Union of Painters and Allied Trades Union and Industry Pension Annuity Funds**
**Remittance Report**

| Pension | Per Hour | Hrs/ Wages | Amount Due | |
|---|---|---|---|---|
| Jrmnn hrs | @ $4.00 | 1408 | $ 6,632.00 | Month of: |
| 1st Yr Appr. | @ $0.00 | | | Employer Code: U1149 |
| 2nd Yr Appr. | @ $0.50 | 120 | $ 60.00 | DC Local: G00711 |
| 3rd Yr Appr. | @ $1.00 | | $ - | |
| Subtotal Pension | | | | Federal ID#: 22-1762335 |

| Annuity | % of Gross | | | Employer Name & Address: |
|---|---|---|---|---|
| Jrmnn | @ 12% | $ 43,699.20 | $ 5,243.90 | Urban Enterprises Inc. |
| 1st Yr Appr. | @ 0% | | | 200 Mountain Avenue |
| 2nd Yr Appr. | @ 4% | $ 2,232.00 | $ 89.28 | Middlesex, NJ 08846 |
| 3rd Yr Appr. | @ 8% | $ - | $ - | Project Location |
| Subtotal Annuity | | | | Steen School |
| | | | | Bogota, NJ |
| | | | | We warrant this report to be true & correct and in |
| | | | | aggreement with our payroll records. |
| Total Due Payable to: | | | | Prepared by: Date: |
| IBPAT PENSION FUND | | | $ 11,025.18 | Linda Brinker   8/5/2005 |

**Covering Payroll Periods From:    June 30, 2005 - July 27, 2005**

| Social Security Number | Employee Name | Total Hours | Total Gross Wages | District Council 711 New Construction | | |
|---|---|---|---|---|---|---|
| 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 | B.Cooke | 160 | $ 5,448.00 | **Fringe Benefit Report** | | |
| 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 | D. Hand | 160 | $ 5,448.00 | Helath & Welfare Fd | Hrs/ Wages | Amount Due |
| 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 | E. Comiskey | 0 | $ - | Journeymen Gross @ 19%= | $ 43,699.20 | $ 8,302.85 |
| 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 | A. Ripa | 0 | $ - | 1st Yr Appr. Gross @ 13%= | $ - | $ - |
| 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 | W.O'Neill | 152 | $ 4,786.20 | 2nd Yr Appr. Gross @ 14%= | $ 2,232.00 | $ 312.48 |
| 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 | R.Liput | 24 | $ 744.00 | 3rd Yr Appr. Gross @ 14%= | $ - | $ - |
| 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 | D Della Cerra | 120 | $ 3,720.00 | Due H & W = | $ 45,931.20 | |
| 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 | K. Hand | 152 | $ 4,712.00 | | | $ 8,615.33 |
| 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 | T. Hoffman | 152 | $ 5,078.00 | **Apprenticeship Fund** | | |
| 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 | K. Peters | 120 | $ 3,720.00 | Gross @ 2 %= | $ 45,559.20 | $911.18 |
| 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 | R.Kirkpatick | 40 | $ 1,240.00 | | | |
| 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 | M. Burek | 96 | $ 2,976.00 | **Dues Check Off** | | |
| 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 | R. Gissubel | 104 | $ 3,224.00 | Gross @ 5 %= | $ 45,559.20 | $2,277.96 |
| 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 | K. Farley | 24 | $ 744.00 | | | |
| 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 | M. Rhodes | 24 | $ 744.00 | | | |
| 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 | J. Eldridge | 24 | $ 744.00 | **LMCF; PAC; N-App; IAF** | | |
| 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 | O. Caraballo | 120 | $ 2,232.00 | Hours @ $0.32 | 1408 | $450.56 |
| 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 | A. Owens | 16 | $ 372.00 | Hours @ $0.07 | 120 | $ 8.40 |
| | | | $ 45,931.20 | **Vacation Fund** | | |
| | | | | Hours @ $1.00 | 1528 | $1,528.00 |
| | | | | **Total Due payable to:** | | |
| | | | | DC 711 Disbursal Fund | | $13,791.43 |

Please send all contributions to: 2116 Ocean Heights Avenue, Egg Harbor, NJ 08234

### International Union of Painters and Allied Trades Union and Industry Pension Annuity Funds
### Remittance Report

| Pension | Per Hour | Hrs/ Wages | Amount Due | |
|---|---|---|---|---|
| Jrnmn hrs | @ $4.00 | 2224.5 | $ 8,898.00 | Month of: |
| 1st Yr Appr. | @ $0.00 | | | Employer Code:  U1149 |
| 2nd Yr Appr. | @ $0.50 | 356 | $ 178.00 | DC Local:              G00711 |
| 3rd Yr Appr. | @ $1.00 | | $ - | Federal ID#:     22-1762335 |
| Subtotal Pension | | | $ 9,076.00 | |
| | | | | |
| | | | | Employer Name & Address: |
| Annuity | % of Gross | | | Urban Enterprises Inc. |
| Jrnmn | @ 12% | $ 74,791.59 | $ 8,974.99 | 200 Mountain Avenue |
| 1st Yr Appr. | @ 0% | | | Middlesex, NJ 08846 |
| 2nd Yr Appr. | @ 4% | $ 5,452.90 | $ 218.12 | Project Location |
| 3rd Yr Appr. | @ 6% | $ - | $ - | Steen School |
| Subtotal Annuity | | | | Bogota, NJ |
| | | | | We warrant this report to be true & correct and in |
| | | | | aggreement with our payroll records. |
| Total Due Payable to: | | | | Prepared by:                 Date: |
| IBPAT PENSION FUND | | | $ 18,269.11 | Linda Brinker              9/2/2005 |

**Covering Payroll Periods From:     July 28, 2005 - August 31, 2005**

| Spcial Security Number | Employee Name | Total Hours | Total Gross Wages | District Council 711 New Construction | | Hrs/ Wages | Amount Due |
|---|---|---|---|---|---|---|---|
| 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 | B.Cooke | 230.5 | $ 8,680.63 | Fringe Benefit Report | | | |
| 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 | D. Hand | 229.5 | $ 8,410.36 | Helath & Welfare Fd | | Hrs/ Wages | Amount Due |
| 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 | J. Eldridge | 167.5 | $ 5,760.00 | Journeymen Gross @ 19%= | | $ 74,791.59 | $ 14,210.40 |
| 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 | A. Ripa | 0 | $ - | 1st Yr Appr. Gross @ 13%= | | $ - | $ - |
| 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 | W.O'Neill | 199.5 | $ 7,014.31 | 2nd Yr Appr. Gross @ 14%= | | $ 5,452.90 | 763.41 |
| 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 | A. Glavez | 0 | $ - | 3rd Yr Appr. Gross @ 14%= | | $ - | $ - |
| 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 | D.Della Cerra | 40 | $ 1,240.00 | Due H & W= | | | |
| 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 | K. Hand | 125.5 | $ 3,937.00 | | | | $ 14,973.81 |
| 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 | T. Hoffman | 227.5 | $ 8,274.16 | Apprenticeship Fund | | | |
| 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 | R.Liput | 200.5 | $ 6,339.50 | Gross @ 2 %= | | $ 18,269.11 | $365.38 |
| 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 | K. Peters | 80 | $ 2,602.00 | | | | |
| 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 | R.Kirkpatrick | 0 | $ - | Dues Check Off | | | |
| 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 | M. Burek | 138.5 | $ 4,293.50 | Gross @ 5 %= | | $ 18,269.11 | $913.46 |
| 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 | R.Gissubel | 187.5 | $ 5,952.00 | | | | |
| 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 | O.Caraballo | 202.5 | $ 3,849.90 | | | | |
| 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 | M. Rhodes | 172.5 | $ 5,751.03 | LMCF; PAC; N-App; IAF | | | |
| 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 | K.Farley | 175.5 | $ 6,440.50 | Hours @ $0.32 | | 2224.5 | $711.84 |
| 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 | A.Owens | 48 | $ 1,116.00 | Hours @ $0.07 | | 356 | 24.92 |
| 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 | J.Leon | 155.5 | $ 1,612.00 | | | | |
| | | | | Vacation Fund | | | |
| | | | | Hours @ 1.00 | | 2224.5 | $2,224.50 |
| | | | | | | | |
| | | | | | | | |
| | | | | Total Due payable to: | | | |
| | | | | DC 711 Disbursal Fund | | | $ 19,213.91 |

Please send all contributions to: 2116 Ocean Heights Avenue, Egg Harbor, NJ 08234

JAN-08-07 MON 03:50 PM                    FAX NO.                      P. 07

### International Union of Painters and Allied Trades Union and Industry Pension Annuity Funds
### Remittance Report

| Pension | Per Hour | Hrs/ Wages | Amount Due | |
|---|---|---|---|---|
| Jrmnn hrs | @ $4.00 | 588 | $ 2,352.00 | Month of: |
| 1st Yr Appr. | @ $0.00 | | | Employer Code:   U1149 |
| 2nd Yr Appr. | @ $0.50 | 124 | $ 62.00 | DC Local:              G00711 |
| 3rd Yr Appr. | @ $1.00 | | $ - | |
| Subtotal Pension | | | $ 2,414.00 | Federal ID#:     22-1762335 |

| Annuity | % of Gross | | | |
|---|---|---|---|---|
| Jrmnn | @ 12% | $ 19,809.28 | $ 2,377.11 | Employer Name & Address: |
| 1st Yr Appr. | @ 0% | | | Urban Enterprises Inc. |
| 2nd Yr Appr. | @ 4% | $ 2,876.80 | $ 115.07 | 200 Mountain Avenue |
| 3rd Yr Appr. | @ 8% | | | Middlesex, NJ 08846 |
| Subtotal Annuity | | | | Project Location |
| | | | | Steen School |
| | | | | Bogota, NJ |
| | | | | We warrant this report to be true & correct and in |
| | | | | agreement with our payroll records. |
| Total Due Payable to: | | | | Prepared by:            Date: |
| IIAPAT PENSION FUND | | | $ 4,906.18 | Linda Brinker          9/2/2005 |

### Covering Payroll Periods From:   September 1, 2005 - September 14, 2005

| Social Security Number | Employee Name | Total Hours | Total Gross Wages | District Council 711 New Construction | | Hrs/ Wages | Amount Due |
|---|---|---|---|---|---|---|---|
| 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 | D. Cooke | 69 | $ 2,451.60 | Fringe Benefit Report | | | |
| 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 | D. Hand | 77 | $ 2,724.00 | Helath & Welfare Fd | | Hrs/ Wages | Amount Due |
| 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 | J. Eldridge | 72 | $ 2,232.00 | Journeymen Gross @ 19%= | | $ 19,809.28 | $ 3,763.76 |
| 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 | A. Ripa | | | 1st Yr Appr. Gross @ 13%= | | | |
| 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 | W. O'Neill | 86.5 | $ 3,251.78 | 2nd Yr Appr. Gross @ 14%= | | $ 2,876.80 | $ 402.75 |
| 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 | A. Glavez | | | 3rd Yr Appr. Gross @ 14%= | | | |
| 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 | n Dolla Cerra | | | Due H & W = | | | |
| 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 | K. Hand | 63 | $ 1,963.00 | | | | |
| 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 | T. Hoffman | 48 | $ 1,634.40 | Apprenticeship Fund | | | |
| 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 | R. Liput | 76.5 | $ 2,537.70 | Gross @ 2 %= | | $ 22,686.08 | $453.72 |
| 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 | K. Peters | | | | | | |
| 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 | R.Kirkpatrick | | | Dues Check Off | | | |
| 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 | M. Burak | 16 | $ 496.00 | Gross @ 5 %= | | $ 22,686.08 | $1,134.30 |
| 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 | R. Gissubol | 32 | $ 992.00 | | | | |
| 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 | O. Caraballo | 56 | $ 1,041.60 | | | | |
| 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 | M. Rhodes | 32 | $ 1,040.80 | LMCF; PAC; N-App; IAF | | | |
| 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 | K.Farley | 16 | $ 496.00 | Hours @ $0.32 | | 588 | $188.16 |
| 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 | A.Owens | | | Hours @ $0.07 | | 124 | 8.68 |
| 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 | J.Leon | 68 | $ 1,835.20 | | | | |
| | | | | Vacation Fund | | | |
| | | | | Hours @ $1.00 | | 712 | $71.20 |
| | | | | | | | |
| | | | | Total Due payable to: | | | |
| | | | | DC 711 Disbursal Fund | | | $ 6,022.57 |

Please send all contributions to: 2116 Ocean Heights Avenue, Egg Harbor, NJ 08234

JAN-08-07 MON 03:51 PM                FAX NO.                        P. 08

International Union of Painters and Allied Trades Union and Industry Pension Annuity Funds
Remittance Report

| Pension | Per Hour | Hrs/ Wages | Amount Due | Month of: |
|---|---|---|---|---|
| Joman hrs | @ $4.00 | 168 | $ 672.00 | Employer Code:  U1149 |
| 1st Yr Appr. | @ $0.00 | | $ | DC Local:          G00711 |
| 2nd Yr Appr. | @ $0.50 | 48 | $ 24.00 | |
| 3rd Yr Appr. | @ $1.00 | | $ - | Federal ID#:    22-1762335 |
| Subtotal Pension | | | $ 696.00 | |

| Annuity | % of Gross | | | Employer Name & Address: |
|---|---|---|---|---|
| Jman | @ 12% | $ 9,144.40 | $ 1,097.33 | Urban Enterprises Inc. |
| 1st Yr Appr. | @ 0% | | | 200 Mountain Avenue |
| 2nd Yr Appr. | @ 4% | $ 1,041.60 | $ 41.66 | Middlesex, NJ 08846 |
| 3rd Yr Appr. | @ 8% | $ | $ | Project Location |
| Subtotal Annuity | | | | Steen School |
| | | | | Bogota, NJ |
| | | | | We warrant this report to be true & correct and in agreement with our payroll records. |
| Total Due Payable to: | | | | Prepared by:                  Date: |
| IMPAT PENSION FUND | | | $ 1,834.99 | Linda Brinker                  9/2/2006 |

### Covering Payroll Periods From:        September 15, 2005 - September 22, 2005

| Social Security Number | Employee Name | Total Hours | Total Gross Wages | District Council 711 New Construction | | Hrs/ Wages | Amount Due |
|---|---|---|---|---|---|---|---|
| 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 | B.Cooke | 24 | $ 817.20 | Fringe Benefit Report | | | |
| 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 | D. Hand | 24 | $ 817.20 | Helath & Welfare Fd | | Hrs/ Wages | Amount Due |
| 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 | J. Eldridge | 24 | $ 744.00 | Journeymen Gross @ 19%= | | $ 9,144.40 | $ 1,737.44 |
| 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 | A. Ripa | | | 1st Yr Appr. Gross @ 13%= | | | |
| 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 | W.O'Neill | 24 | $ 817.20 | 2nd Yr Appr. Gross @ 14%= | | $ 1,041.60 | $ 145.82 |
| 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 | A. Glavez | | | 3rd Yr Appr. Gross @ 14%= | | $ | |
| 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 | D.Della Cerra | | | Due H & W = | | | |
| 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 | K. Hand | 24 | $ 744.00 | | | | $ 1,883.26 |
| 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 | T. Hoffman | 16 | $ 644.80 | Apprenticeship Fund | | | |
| 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 | R.Liput | 8 | $ 272.40 | Gross @ 2 %= | | $ 14,417.36 | $288.35 |
| 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 | K. Peters | | $ 2,602.00 | | | | |
| 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 | R.Kirkpatrick | | | Dues Check Off | | | |
| 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 | M. Burek | | | Gross @ 5 %= | | $ 14,417.36 | $720.87 |
| 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 | R.Gissubel | | | | | | |
| 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 | O.Caraballo | 24 | $ 448.40 | | | | |
| 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 | M. Rhodas | 24 | $ 744.00 | LMCF; PAC; N-App; IAF | | | |
| 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 | K.Farley | | | Hours @ $0.32 | | 168 | $53.76 |
| 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 | A.Owens | | | Hours @ $0.07 | | 48 | 3.36 |
| 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 | J.Leon | 24 | $ 595.20 | | | | |
| | | | | Vacation Fund | | | |
| | | | | Hours @ $1.00 | | 216 | $216.00 |
| | | | | | | | |
| | | | | Total Due payable to: | | | |
| | | | | DC 711 Disbursal Fund | | | $ 3,165.60 |

Please send all contributions to: 2116 Ocean Heights Avenue, Egg Harbor, NJ 08234

International Union of Painters and Allied Trades Union and Industry Pension Annuity Funds
Remittance Report

| Pension | Per Hour | Hrs/ Wages | Amount Due | |
|---|---|---|---|---|
| Jmmn hrs | @ $4.00 | | | Month of: |
| 1st Yr Appr. | @ $0.00 | | | Employer Code: |
| 2nd Yr Appr. | @ $0.50 | | | DC Local:            G00711 |
| 3rd Yr Appr. | @ $1.00 | | | |
| Subtotal Pension | | | | Federal ID#: |
| | | | | |
| Annuity | % of Gross | | | Employer Name & Address: |
| Jmmn | @ 11% | | | |
| 1st Yr Appr. | @ 0% | | | |
| 2nd Yr Appr. | @ 4% | | | |
| 3rd Yr Appr. | @ 8% | | | Project Location |
| Subtotal Annuity | | | | |
| | | | | We warrant this report to be true & correct and in |
| Total Due Payable to: | | | | agreement with our payroll records. |
| IBPAT PENSION FUND | | | | Prepared by:                    Date: |

Covering Payroll Periods From :        Oct.1-Oct.31,2005          NO WORK PERFORMED

District Council 711
New Construction

| Social Security Number | Employee Name | Total Hours | Total Gross Wages | Fringe Benefit Report | Hrs/ Wages | Amount Due |
|---|---|---|---|---|---|---|
| | | | | Helath & Welfare Fd | | |
| | | | | Journeymen Gross @ 18%= | | |
| | | | | 1st Yr Appr. Gross @ 13%= | | |
| | | | | 2nd Yr Appr. Gross @ 14%= | | |
| | | | | 3rd Yr Appr. Gross @ 14%= | | |
| | | | | Due H & W = | | |
| | | | | | | |
| | | | | Apprenticeship Fund | | |
| | | | | Gross @ 2 %= | | |
| | | | | | | |
| | | | | Dues Check Off | | |
| | | | | Gross @ 5 %= | | |
| | | | | | | |
| | | | | LMCF; PAC; N-App; IAF | | |
| | | | | Hours @ $0.32 | | |
| | | | | | | |
| | | | | Vacation Fund | | |
| | | | | Hours @ $1.00 | | |
| | | | | | | |
| | | | | Total Due payable to: | | |
| | | | | DC 711 Disbursal Fund | | |

Please send all contributions to: 2110 Ocean Heights Avenue, Egg Harbor, NJ 08234

JAN-08-07 MON 03:52 PM                    FAX NO.                        P. 10

International Union of Painters and Allied Trades Union and Industry Pension Annuity Funds
Remittance Report

| Pension | Per Hour | Hrs/ Wages | Amount Due | |
|---|---|---|---|---|
| Jmmn hrs | @ $4.00 | | | Month of: |
| 1st Yr Appr. | @ $0.00 | | | Employer Code: |
| 2nd Yr Appr. | @ $0.60 | | | DC Local:          G00711 |
| 3rd Yr Appr. | @ $1.00 | | | |
| Subtotal Pension | | | | Federal ID#: $22-1762335$ |
| | | | | |
| **Annuity** | **% of Gross** | | | Employer Name & Address: |
| Jmmn | @ 11% | | | URBAN ENTERPRISES |
| 1st Yr Appr. | @ 0% | | | |
| 2nd Yr Appr. | @ 4% | | | Project Location |
| 3rd Yr Appr. | @ 0% | | | |
| Subtotal Annuity | | | | |
| | | | | We warrant this report to be true & correct and in |
| | | | | aggreement with our payroll records. |
| Total Due Payable to: | | | | Prepared by:                    Date: |
| IBPAT PENSION FUND | | | | |

| | | | Covering Payroll Periods From : | Nov.1-Nov.30, 2005 | | NO WORK PERFORMED | |
|---|---|---|---|---|---|---|---|
| **Social Security Number** | **Employee Name** | **Total Hours** | **Total Gross Wages** | District Council 711 New Construction | | | |
| | | | | **Fringe Benefit Report** | | | |
| | | | | Helath & Welfare Fd | | Hrs/ Wages | Amount Due |
| | | | | Journeymen Gross @ 18%= | | | |
| | | | | 1st Yr Appr. Gross @ 13%= | | | |
| | | | | 2nd Yr Appr. Gross @ 14%= | | | |
| | | | | 3rd Yr Appr. Gross @ 14%= | | | |
| | | | | Due H & W = | | | |
| | | | | **Apprenticeship Fund** Gross @ 2 %= | | | |
| | | | | **Dues Check Off** Gross @ 5 %= | | | |
| | | | | LMCF; PAC; N-App; IAF Hours @ $0.32 | | | |
| | | | | Vacation Fund Hours @ $1.00 | | | |
| | | | | Total Due payable to: DC 711 Disbursal Fund | | | |

Please send all contributions to: 2116 Ocean Heights Avenue, Egg Harbor, NJ 08234

JAN-08-07 MON 03:52 PM                    FAX NO.                              P. 11

International Union of Painters and Allied Trades Union and Industry Pension Annuity Funds
Remittance Report

| Pension | Per Hour | Hrs/ Wages | Amount Due | |
|---|---|---|---|---|
| Jmmn hrs | @ $4.00 | | | Month of: |
| 1st Yr Appr. | @ $0.00 | | | Employer Code: |
| 2nd Yr Appr. | @ $0.50 | | | DC Local:        G00711 |
| 3rd Yr Appr. | @ $1.00 | | | |
| Subtotal Pension | | | | Federal ID#: 2-2-1762335 |
| | | | | |
| Annuity | % of Gross | | | Employer Name & Address: |
| Jmmn | @ 11% | | | URBAN ENTERPRISES |
| 1st Yr Appr. | @ 0% | | | |
| 2nd Yr Appr. | @ 4% | | | Project Location |
| 3rd Yr Appr. | @ 8% | | | |
| Subtotal Annuity | | | | |
| | | | | We warrant this report to be true & correct and in |
| Total Due Payable to: | | | | agreement with our payroll records. |
| IRPAT PENSION FUND | | | | Prepared by:                    Date: |

Covering Payroll Periods From :    Dec.1-Dec.31, 2005        NO WORK PERFORMED

| Social Security Number | Employee Name | Total Hours | Total Gross Wages | District Council 711 New Construction | | |
|---|---|---|---|---|---|---|
| | | | | Fringe Benefit Report | | |
| | | | | Helath & Welfare Fd | Hrs/ Wages | Amount Due |
| | | | | Joumeymen Gross @ 18%= | | |
| | | | | 1st Yr Appr. Gross @ 13%= | | |
| | | | | 2nd Yr Appr. Gross @ 14%= | | |
| | | | | 3rd Yr Appr. Gross @ 14%= | | |
| | | | | Due H & W = | | |
| | | | | | | |
| | | | | Apprenticeship Fund | | |
| | | | | Gross @ 2 %= | | |
| | | | | | | |
| | | | | Dues Check Off | | |
| | | | | Gross @ 5 %= | | |
| | | | | | | |
| | | | | LMCF; PAC; N-App; IAF | | |
| | | | | Hours @ $0.32 | | |
| | | | | | | |
| | | | | Vacation Fund | | |
| | | | | Hours @ $1.00 | | |
| | | | | | | |
| | | | | Total Due payable to: | | |
| | | | | DC 711 Disbursal Fund | | |

Please send all contributions to: 2116 Ocean Heights Avenue, Egg Harbor, NJ 08234

International Union of Painters and Allied Trades Union and Industry Pension Annuity Funds
Remittance Report

| Pension | Per Hour | Hrs/ Wages | Amount Due | |
|---|---|---|---|---|
| Jmnn hrs | @ $4.00 | | | Month of: |
| 1st Yr Appr. | @ $0.00 | | | Employer Code: |
| 2nd Yr Appr. | @ $0.50 | | | DC Local:          G00711 |
| 3rd Appr. | @ $1.00 | | | |
| Subtotal Pension | | | | Federal ID#:   22-1762335 |
| | | | | |
| Annuity | % of Gross | | | Employer Name & Address: |
| Jmnn | @ 11% | | | Urban Enterprises, Inc. |
| 1st Yr Appr. | @ 0% | | | 200 Mountain Avenue |
| 2nd Yr Appr. | @ 4% | | | Middlesex, NJ 08846 |
| 3rd Yr Appr. | @ 8% | | | Project Location |
| Subtotal Annuity | | | | |
| | | | | We warrant this report to be true & correct and in agreement with our payroll records. |
| Total Due Payable to: | | | | Prepared by:              Date: |
| IBPAT PENSION FUND | | | | |

Covering Payroll Periods From :          Jan.1-Dec.31, 2006          NO WORK PERFORMED

| Social Security Number | Employee Name | Total Hours | Total Gross Wages | District Council 711 New Construction | | |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | Fringe Benefit Report | | |
| | | | | Helath & Welfare Fd | Hrs/ Wages | Amount Due |
| | | | | Journeymen Gross @ 18%= | | |
| | | | | 1st Yr Appr. Gross @ 13%= | | |
| | | | | 2nd Yr Appr. Gross @ 14%= | | |
| | | | | 3rd Yr Appr. Gross @ 14%= | | |
| | | | | Due H & W = | | |
| | | | | | | |
| | | | | Apprenticeship Fund | | |
| | | | | Gross @ 2 %= | | |
| | | | | | | |
| | | | | Dues Check Off | | |
| | | | | Gross @ 6 %= | | |
| | | | | | | |
| | | | | LMCF; PAC; N-App; IAF | | |
| | | | | Hours @ $0.32 | | |
| | | | | | | |
| | | | | Vacation Fund | | |
| | | | | Hours @ $1.00 | | |
| | | | | | | |
| | | | | Total Due payable to: | | |
| | | | | DC 711 Disbursal Fund | | |

Please send all contributions to: 2116 Ocean Heights Avenue, Egg Harbor, NJ 08234

**URBAN ENTERPRISES, INC.**
**200 MOUNTAIN AVENUE**
**MIDDLESEX, NJ 08846**
**PH: 732-356-0543**

**LOCAL:  GO 711**

**DATE OF REVIEW:  2/6/07**

**PERIOD REVIEWED: 8/1/04 – 9/30/05**

**CONTACT:  LINDA BRINKER**

**ROBERT E. MOORE, CPA**



URBAN ENTERPRISES, INC.
NOTES TO REPORT

1.      Our review was conducted at the employer's office. Available records included payroll earnings
        records, payroll tax returns and W-2's.

2.      Amounts paid the Fund – Review period                    $14,755.06

        Summary of amounts due the Fund

|                       | Pension    | Annuity   | FTI      | LMCI     | PAT      | Total        |
| --------------------- | ---------- | --------- | -------- | -------- | -------- | ------------ |
| Total deficiencies    | $ 756.00   | $908.56   | $11.55   | $11.55   | $16.17   | $1,703.83    |
| Cost of audit         | 2,277.20   | --        | 16.31    | 16.31    | 21.47    | 2,331.29     |
| Interest              | 205.03     | --        | 1.35     | 1.35     | 1.93     | 209.66       |
| Total                 | $3,238.23  | $908.56   | $29.21   | $29.21   | $39.57   | $4,244.78    |

The above deficiencies represent incremental hours only. In addition to the above amounts, the Fund has
reports totaling $63,080.43 that are unpaid covering the period 2/01/05 – 9/30/05. Of this amount,
$1,397.95 represents contributions on wages paid by GSR Architectural, Inc., which became the successor
employer to Urban Enterprises, Inc., and is not signatory to the CBA.

3.      Interest in the amount of $209.66 has been calculated from the due date of the report where each
        deficiency was rated through 2/20/07 as follows:

        10/1/04      3/31/05         5%
        4/1/05       9/30/05         6%
        10/1/05      6/30/06         7%
        7/1/06       2/20/07         8%

URBAN ENTERPRISES
2005 DC 711 WAGES PAID

| SSN | NAME | JAN. | FEB. | MARCH | APRIL | MAY | JUNE | JULY | AUG. | SEPT. | OCT. | NOV. | DEC. | TOTAL HOURS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | J. Leon | | | | | | | | 2,232.00 | | | | | 2,232.00 |
| 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 | A. Owens | | | | | | | | 1,016.80 | | | | | 1,016.80 |
| | | | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | | | 0.00 |
| TOTAL | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 3,248.80 | 0.00 | 0.00 | 0.00 | 0.00 | 3,248.80 |

DOLLAR AMOUNTS DUE

| FUND | DATE | RATE | JAN. | FEB. | MARCH | APRIL | MAY | JUNE | JULY | AUG. | SEPT. | OCT. | NOV. | DEC. | TOTAL DOLLARS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Annuity | 5/05 | 0.04 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $129.95 | $0.00 | $0.00 | $0.00 | $0.00 | $129.95 |
| TOTAL | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $129.95 | $0.00 | $0.00 | $0.00 | $0.00 | $129.95 |

TOTALS DUE

| | |
|---|---|
| Due to Annuity | $129.95 |
| | $129.95 |

URBAN ENTERPRISES
2005 HOURS WORKED DC 711

| SSN | NAME | JAN. | FEB. | MARCH | APRIL | MAY | JUNE | JULY | AUG. | SEPT. | OCT. | NOV. | DEC. | TOTAL HOURS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | J. Leon | | | | | | | | 8.00 | | | | | 8.00 |
| 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 | A. Owens | | | | | | | | 40.00 | | | | | 40.00 |
| | | | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | | | 0.00 |
| TOTAL | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 48.00 | 0.00 | 0.00 | 0.00 | 0.00 | 48.00 |

DOLLAR AMOUNTS DUE

| FUND | DATE | RATE | DATE | RATE | JAN. | FEB. | MARCH | APRIL | MAY | JUNE | JULY | AUG. | SEPT. | OCT. | NOV. | DEC. | TOTAL DOLLARS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Pension | 5/05 | 0.60 | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $24.00 | $0.00 | $0.00 | $0.00 | $0.00 | $24.00 |
| FTI | 5/05 | 0.05 | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $2.40 | $0.00 | $0.00 | $0.00 | $0.00 | $2.40 |
| PAT | 5/05 | 0.07 | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $3.36 | $0.00 | $0.00 | $0.00 | $0.00 | $3.36 |
| Industry Advancement | 5/05 | 0.05 | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $2.40 | $0.00 | $0.00 | $0.00 | $0.00 | $2.40 |
| TOTAL | | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $32.16 | $0.00 | $0.00 | $0.00 | $0.00 | $32.16 |

TOTALS DUE

| | |
|---|---|
| Due to Pension | $24.00 |
| Due to FTI | $2.40 |
| Due to PAT | $3.36 |
| Due to Industry Advancement | $2.40 |
| | $32.16 |

URBAN ENTERPRISES
2005 DC 711 WAGES PAID

| SSN | NAME | JAN. | FEB. | MARCH | APRIL | MAY | JUNE | JULY | AUG. | SEPT. | OCT. | NOV. | DEC. | TOTAL HOURS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | B. Cooke | -400.60 | | | | | | | | | | | | -400.60 |
| 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 | D. Hand | -81.00 | | | | | | | | | | | | -81.00 |
| 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 | W. O'Neil | | | | | 220.00 | | | | | | | | 220.00 |
| 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 | J. Eldridge | | | | | | | 1,240.00 | | | | | | 1,240.00 |
| 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 | K. Peters | | | | | | | 384.00 | 982.00 | | | | | 1,366.00 |
| 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 | R. Liput | | | | | | | | 62.00 | 496.00 | | | | 558.00 |
| 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 | M. Rhodes | | | | | | | | 102.75 | | | | | 102.75 |
| | | | | | | | | | | | | | | 0.00 |
| | TOTAL | -461.60 | 0.00 | 0.00 | 0.00 | 220.00 | 0.00 | 1,624.00 | 1,146.75 | 496.00 | 0.00 | 0.00 | 0.00 | 3,025.15 |

DOLLAR AMOUNTS DUE

| FUND | DATE | RATE | DATE | RATE | JAN. | FEB. | MARCH | APRIL | MAY | JUNE | JULY | AUG. | SEPT. | OCT. | NOV. | DEC. | TOTAL DOLLARS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Annuity | 1/05 | 0.11 | 5/05 | 0.12 | ($50.78) | $0.00 | $0.00 | $0.00 | $26.40 | $0.00 | $194.88 | $137.61 | $59.52 | $0.00 | $0.00 | $0.00 | $367.63 |
| | | | | TOTAL | ($50.78) | $0.00 | $0.00 | $0.00 | $26.40 | $0.00 | $194.88 | $137.61 | $59.52 | $0.00 | $0.00 | $0.00 | $367.63 |

TOTALS DUE

Due to Annuity    $367.63

$367.63

URBAN ENTERPRISES
2006 HOURS WORKED DC 711

| SSN | NAME | JAN. | FEB. | MARCH | APRIL | MAY | JUNE | JULY | AUG. | SEPT. | OCT. | NOV. | DEC. | TOTAL HOURS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | B. Cooke | -8.00 | | | | | | | | | | | | -8.00 |
| 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 | D. Heind | -2.00 | | | | | | | | | | | | -2.00 |
| 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 | W. O'Neill | | | | | 16.00 | | | | | | | | 16.00 |
| 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 | J. Eldridge | | | | | | | 40.00 | | | | | | 40.00 |
| 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 | K. Peters | | | | | | | 16.00 | 32.00 | | | | | 48.00 |
| 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 | R. Liput | | | | | | | | 2.00 | 16.00 | | | | 18.00 |
| 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 | M. Rhodes | | | | | | | | 3.00 | | | | | 3.00 |
| TOTAL | | -10.00 | 0.00 | 0.00 | 0.00 | 16.00 | 0.00 | 56.00 | 37.00 | 16.00 | 0.00 | 0.00 | 0.00 | 115.00 |

DOLLAR AMOUNTS DUE

| FUND | DATE | RATE | JAN. | FEB. | MARCH | APRIL | MAY | JUNE | JULY | AUG. | SEPT. | OCT. | NOV. | DEC. | TOTAL DOLLARS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Pension | 1/05 | 4.00 | ($40.00) | $0.00 | $0.00 | $0.00 | $64.00 | $0.00 | $224.00 | $148.00 | $64.00 | $0.00 | $0.00 | $0.00 | $460.00 |
| FTI | 1/05 | 0.05 | ($0.50) | $0.00 | $0.00 | $0.00 | $0.80 | $0.00 | $2.80 | $1.85 | $0.80 | $0.00 | $0.00 | $0.00 | $5.75 |
| PAT | 1/05 | 0.07 | ($0.70) | $0.00 | $0.00 | $0.00 | $1.12 | $0.00 | $3.92 | $2.59 | $1.12 | $0.00 | $0.00 | $0.00 | $8.05 |
| Industry Advancement | 1/05 | 0.05 | ($0.50) | $0.00 | $0.00 | $0.00 | $0.80 | $0.00 | $2.80 | $1.85 | $0.80 | $0.00 | $0.00 | $0.00 | $5.75 |
| TOTAL | | | ($41.70) | $0.00 | $0.00 | $0.00 | $66.72 | $0.00 | $233.52 | $154.29 | $66.72 | $0.00 | $0.00 | $0.00 | $479.55 |

TOTALS DUE

| | |
|---|---|
| Due to Pension | $460.00 |
| Due to FTI | $5.75 |
| Due to PAT | $8.05 |
| Due to Industry Advancement | $5.75 |
| | $479.55 |

URBAN ENTERPRISES
2004 HOURS WORKED DC 711

| SSN | NAME | JAN. | FEB. | MARCH | APRIL | MAY | JUNE | JULY | AUG. | SEPT. | OCT. | NOV. | DEC. | TOTAL HOURS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | B. Cooke | | | | | | | | | 8.00 | | | 14.00 | 22.00 |
| 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 | J. Plakosta | | | | | | | | | 32.00 | | | | 32.00 |
| 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 | D. Hand | | | | | | | | | | | | 14.00 | 14.00 |
| | | | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | | | 0.00 |
| TOTAL | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 40.00 | 0.00 | 0.00 | 28.00 | 68.00 |

DOLLAR AMOUNTS DUE

| FUND | DATE | RATE | JAN. | FEB. | MARCH | APRIL | MAY | JUNE | JULY | AUG. | SEPT. | OCT. | NOV. | DEC. | TOTAL DOLLARS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Pension | 8/04 | 4.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $160.00 | $0.00 | $0.00 | $112.00 | $272.00 |
| FTI | 8/04 | 0.05 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $2.00 | $0.00 | $0.00 | $1.40 | $3.40 |
| PAT | 8/04 | 0.07 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $2.80 | $0.00 | $0.00 | $1.96 | $4.76 |
| Industry Advancement | 8/04 | 0.05 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $2.00 | $0.00 | $0.00 | $1.40 | $3.40 |
| TOTAL | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $166.80 | $0.00 | $0.00 | $116.76 | $283.56 |

TOTALS DUE

| | |
|---|---|
| Due to Pension | $272.00 |
| Due to FTI | $3.40 |
| Due to PAT | $4.76 |
| Due to Industry Advancement | $3.40 |
| | $283.56 |

URBAN ENTERPRISES
2004 DC 711 WAGES PAID

| SSN | NAME | JAN. | FEB. | MARCH | APRIL | MAY | JUNE | JULY | AUG. | SEPT. | OCT. | NOV. | DEC. | TOTAL HOURS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | G. Capone | | | | | | | | | 1,220.00 | | | | 1,220.00 |
| 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 | B. Cooke | | | | | | | | | 195.10 | | | 704.55 | 999.65 |
| 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 | J. Plakosta | | | | | | | | | 976.00 | | | | 976.00 |
| 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 | D. Hand | | | | | | | | | | | | 640.50 | 640.50 |
| | | | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | | | 0.00 |
| | | | | | | | | | | | | | | 0.00 |
| TOTAL | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2,391.10 | 0.00 | 0.00 | 1,345.05 | 3,736.15 |

DOLLAR AMOUNTS DUE

| | DATE | RATE | JAN. | FEB. | MARCH | APRIL | MAY | JUNE | JULY | AUG. | SEPT. | OCT. | NOV. | DEC. | TOTAL DOLLARS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FUND | DATE | RATE | | | | | | | | | | | | | |
| Annuity | 8/04 | 0.11 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $263.02 | $0.00 | $0.00 | $147.96 | $410.98 |
| | | TOTAL | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $263.02 | $0.00 | $0.00 | $147.96 | $410.98 |

TOTALS DUE

| | |
|---|---|
| Due to Annuity | $410.98 |
| | $410.98 |

# RESTATED
# AGREEMENT AND DECLARATION OF TRUST

### Establishing the

### International Painters and Allied Trades

### Industry Pension Fund

This AGREEMENT AND DECLARATION OF TRUST is by and between the INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES (hereinafter referred to as the "Union"), and the FINISHING CONTRACTORS ASSOCIATION (hereinafter referred to as the "F.C.A."), and various employers of members of the union who are or may become parties to this Agreement as hereinafter defined (hereinafter referred to as "Employer" or "Employers").

## WITNESSETH:

WHEREAS, the International Union of Painters and Allied Trades, and/or various Local Unions or District Councils of the Union, and Employers have entered into or expect to enter into collective bargaining agreements which provide, among other things, for the establishment of a Pension Fund and prescribe the contributions or payments to be made by the Employers to such Fund; and

WHEREAS, to accomplish the aforesaid purpose, it is desired to establish a Pension Fund as a Trust Fund for receiving contributions and providing benefits for eligible employees; and

WHEREAS, the said Trust Fund is to be known as the "International Painters and Allied Trades Industry Pension Fund"; and

WHEREAS, it is desired to set forth the terms and conditions under which the said Fund is to

36479-3



be established and administered; and

WHEREAS, it has been mutually agreed that the Fund shall be administered by Trustees, and it is desired to define the powers and duties of the Trustees and the nature of benefits to be provided;

NOW, THEREFORE, in consideration of the premises, and the mutual covenants herein contained it is mutually understood and agreed as follows:

## ARTICLE I

Unless the context or subject matter otherwise requires, the following definitions shall govern in this Agreement:

*Section 1.*     AGREEMENT AND DECLARATION OF TRUST. The terms "Agreement and Declaration of Trust" or "Trust Agreement" shall mean this instrument, including any amendments hereto and modifications hereof. This Trust Agreement shall govern the operation of both the International Painters and Allied Trades Industry Pension Plan and the International Painters and Allied Trades Industry Annuity Plan.

*Section 2.*     PENSION FUND. The terms "Pension Fund" or "Fund" shall mean the International Painters and Allied Trades Industry Pension Fund, established by the Trust Agreement and shall mean generally the monies and other items of value which comprise the corpus and additions thereto, contributions payable to the Fund, and amounts received or held for or on behalf of the Trustees under both the International Painters and Allied Trades Industry Pension Plan and the International Painters and Allied Trades Industry Annuity Plan and title to all such monies, and other items of value including contributions owed but not yet received, shall be vested in the Trustees of Fund. The Fund also shall be known as the "IUPAT Industry Pension Fund."

- 2 -

36479-3

*Section 3.*     PENSION PLAN.  The Term "Pension Plan" shall mean the Rules and Regulations of the International Painters and Allied Trades Industry Pension Plan, and any modification, amendment, extension or renewal thereof.  The Pension Plan also shall be known as the "IUPAT Industry Pension Plan."

*Section 4.*     ANNUITY PLAN.  The term "Annuity Plan" shall mean the Rules and Regulations of the International Painters and Allied Trades Industry Annuity Plan and any modification, amendment, extension or renewal thereof.  The Annuity Plan shall also be known as the "IUPAT Industry Annuity Plan."

*Section 5.*     TRUSTEES.

(a)     The term "Employer Trustees" shall mean the Trustees appointed by the Employers who are parties to this Agreement.

(b)     The term "Union Trustees" shall mean the Trustees appointed by the Union.

(c)     The terms "Board of Trustees," "Trustees" and "Board" shall mean the Employer Trustees and the Union Trustees, collectively, and shall include their successors when acting as Trustees.  Except where "United States" or "Canadian" is used in conjunction with them, the terms "Board of Trustees," "Trustees" and "Board" shall mean United States Trustees in matters involving their competence, or Canadian Trustees in matters involving their competence as set forth in Article IV, Section 1.

*Section 6.*     UNION.  The term "Union" shall mean the International Union of Painters and Allied Trades and its affiliated Local Unions and District Councils.

- 3 -

36479-3

**Section 7.**    CONTRIBUTING EMPLOYER.  The term "Contributing Employer" shall mean any person, company or business organization which is or shall become a party to the Trust Agreement and which has agreed or shall agree in a Collective Bargaining Agreement with the Union to make contributions to the Pension Fund.  In the case of an employer having more than one place of business, the term "Contributing Employers" shall apply only to the place of business specifically covered by the Collective Bargaining Agreement requiring contributions to the Pension Fund.

**Section 8.**    COLLECTIVE BARGAINING AGREEMENT.   The term "Collective Bargaining Agreement" shall mean any written labor contract by and between a Contributing Employer and the Union which provides for contributions to this Pension Fund with any and all extensions or renewals thereof and successor agreements thereto.

**Section 9.**    EMPLOYEE.  The term "Employee means: (a) Any person who performs work under a Collective Bargaining Agreement between a Contributing Employer and the Union and for whom the Employer is obligated to make contributions to the Trust; (b) any full-time salaried officer and employee of any Local Union or District Council which is permitted to participate in the Fund in accordance with the Rules and Regulations of the Pension Plan or Annuity Plan; (c) any member of such other class of employees employed by an Employer which is not within the bargaining unit represented by the Union provided that the employee's class is accepted for participation in the Fund in accordance with the Rules and Regulations of the Pension Plan or Annuity Plan. The term "Employee" shall not include any self-employed person, a sole proprietor of or a partner in an unincorporated business, or, unless the Rules and Regulations provide otherwise, a

- 4 -

36479-3

corporate shareholder who spends less than 50% of his time performing work covered by a collective bargaining agreement.

Section 10.    EMPLOYER CONTRIBUTIONS. The term "Employer Contributions" shall mean payments made or that are required to be made to the Fund, including amounts owed but not yet paid, by a Contributing Employer under the provisions of, or in accordance with, a Collective Bargaining Agreement and the Trust Agreement, or with regard to a Local Union or District Council or special classes of employees of a Contributing Employer, payments to the Fund pursuant to and in accordance with the Rules and Regulations of the Pension Plan and the Annuity Plan.  All such Employer Contributions are, and shall be considered as, plan assets from the date on which the hours (whether worked or paid) for which the Contributing Employer is obligated to pay contributions to the Fund accrue , whether or not such Employer Contributions are collected or received by the Fund. No Contributing Employer has any right, title, or interest to any sum payable by the Contributing Employer to the Fund, but not yet paid into the Fund.  Title to all Employer Contributions paid into and/or due and owing to the Fund shall be vested in the Trustees of the Fund.

## ARTICLE II

## GENERAL

Section 1.    ESTABLISHMENT OF FUND.  As hereby created, the International Painters and Allied Trades Industry Pension Fund shall comprise the entire assets derived from Employer Contributions made or payable to or for the account of this Fund under Collective Bargaining Agreements, together with any and all investments made and held by the Trustees, or monies received or payable to by the Trustees as contributions or as income from investments made and held

- 5 -

36879-3

by the Trustees or otherwise, and any other money or property, received and/or held by the Trustees

for the uses, purposes and trust set forth in this Agreement and Declaration of Trust.

     *Section 2.*     GENERAL PURPOSE. The Fund shall be a Trust Fund and shall be used for

the purpose of providing Pension and Annuity Benefits, as decided by the Trustees, and shall further

provide the means for financing the expenses of the Trustees and the operation and administration of

the Fund, in accordance with this Agreement and Declaration of Trust.

## ARTICLE III

## UNITED STATES TRUSTEES

     *Section 1.*     JOINT ADMINISTRATION.  The operation and administration of the

Pension Fund shall be the joint responsibility of the Trustees appointed by the Employers and the

Trustees appointed by the Union.

     *Section 2.*     ACCEPTANCE OF TRUSTEESHIP.  The Trustees, by affixing their

signatures at the end of this Agreement and Declaration of Trust, agree to accept the Trusteeship and

act in their capacities strictly in accordance with the provisions thereof. Each additional or successor

Trustee shall execute a written acceptance in a form satisfactory to the Trustees and thereby shall be

deemed to have accepted the Trust created and established by this instrument and to have consented

to act as Trustee or to have agreed to administer the Trust Fund as provided herein.  Such written

acceptance shall be filed with the Fund Administrator who shall notify the remaining Trustees of the

receipt of such acceptance.

     *Section 3.*     TERMS OF TRUSTEES. Each Trustee shall continue to serve as such until

his death, incapacity, resignation, inability to serve pursuant to Section 9 of this Article, or removal,

- 6 -

36479-3

as hereinafter provided.

      *Section 4.*      The Board of Trustees shall consist of up to 24 Trustees, 12 to be appointed by the Union and 12 to be appointed by the Employers.

      *Section 5.*      UNION TRUSTEES. The Union shall be and is empowered to appoint all Union Trustees.

      *Section 6.*      EMPLOYER TRUSTEES. The F.C.A. shall be and is empowered to appoint all Employer Trustees; provided, however, that the FCA must remain an organization that admits to its membership only 100% Union Signatory Employers in order to maintain its rights hereunder.

      *Section 7.*      REMOVAL OF TRUSTEES. The Union or the F.C.A. may remove any Trustee(s) appointed by it at any time, for any reason, with or without cause.

      *Section 8.*      WHO MAY BE TRUSTEES. At the time of his/her appointment to the Board of Trustees, each Employer Trustee must be signatory to a collective bargaining agreement requiring contributions to this Fund, with a Local Union or District Council in whose geographic jurisdiction its principal place of business is located and such Employer Trustees must also employ an average of twenty-five (25) or more employees. Employer Trustees who satisfy these requirements at the time of their original appointment shall be considered as qualified during their tenure, until removed in accordance with provisions in this Trust. Union Trustees shall be General Officers of the International Union or members of the IUPAT who, in the opinion of the Union, are most likely to conscientiously serve the bests interests of the Fund.

      *Section 9.*      FORM OF NOTIFICATION. In the event any Union Trustees are appointed or removed, a statement in writing by the Union shall be sufficient evidence of the action taken by

- 7 -

36479-3

the Union. In the event any Employer Trustees are appointed or removed, a statement in writing by the Employer or Association empowered to so appoint or remove shall be sufficient evidence of the action taken by said Employer or Association. Any resignation by a Trustee shall be by certified mail, addressed to the office of the Fund.

Section 10.    VESTING OF POWERS AND DUTIES. Any additional or successor Trustee shall, immediately upon his appointment and his acceptance in writing filed with the Trustees, become vested with all the property, rights, powers and duties of a Trustee hereunder with like effect as if originally named as a Trustee and all the Trustees then in office and any Corporate Trustee or Corporate Agent appointed pursuant to Article V, Section 3, of this Trust Agreement and all other necessary persons shall be notified immediately.

# ARTICLE IV

## CANADIAN TRUSTEES

Section 1.    DECISIONS. The Canadian Board of Trustees shall make all decisions, and only such decisions, that affect Canadian participants, retirees and beneficiaries, Canadian Employers and monies contributed by them, and funds maintained in Canada.

Section 2.    APPOINTMENT. The Canadian Board of Trustees shall consist of up to 6 Trustees. The Union may appoint 3 Trustees, 2 of whom shall be Canadian citizens. Canadian Employers may appoint 2 Trustees who shall be Canadian citizens. Employer Trustees of this Fund may appoint 1 Trustee.

Section 3.    REMOVAL. The Union or Employers empowered by this Article to appoint Trustees may remove any Trustee(s) appointed by it or them.

- 8 -

36479-3

*Section 4.*    WHO MAY BE TRUSTEES.  Each Employer Trustee must be signatory to a collective bargaining agreement, requiring contributions to this Fund, with a Local Union or District Council in whose geographic jurisdiction his principal place of business is located.  Each Employer Trustee must also employ an average of twenty-five or more employees. Union Trustees shall be General Officers of the International Union or members of the IUPAT who, in the opinion of the Union, are most likely to conscientiously serve the bests interests of the Fund.

*Section 5.*    PROCEDURES.  The procedures, rights and obligations set forth in Article III, Sections 2, 3, 9 and 10, shall apply to this Board of Trustees.

- 9 -

36479-3

# ARTICLE V

## POWERS, DUTIES AND OBLIGATIONS OF TRUSTEES

*Section 1.*　　　PROPERTY AND ASSISTANCE. The Trustees are authorized and empowered to lease or purchase such premises, materials, supplies and equipment, and to hire and employ and retain such legal counsel, investment manager or counsel, administrative, accounting, actuarial, clerical and other assistants or employees as in their discretion they may find necessary or appropriate in the performance of their duties and to pay the costs thereof out of the Fund.

*Section 2.*　　　CONSTRUCTION OF AGREEMENT. The Trustees shall have the power to construe the provisions of this Agreement and Declaration of Trust and the terms used herein and any construction adopted by the Trustees in good faith shall be binding upon the Union, the Contributing Employers, the employees and their families, dependents, beneficiaries and/or legal representatives.

*Section 3.*　　　GENERAL POWERS. The Trustees are hereby empowered, in addition to other such powers as set forth herein or conferred by law:

(a) to establish and administer a Pension Fund, and Pension and Annuity Plans, on behalf of the Employees referred to in this instrument;

(b) to enter into any and all contracts and agreements for carrying out the terms of this Agreement and Declaration of Trust and for the administration of the Pension Fund and to do all acts as they, in their discretion, may deem necessary and advisable;

(c) to compromise, settle, arbitrate and release claims or demands in favor of or against the Pension Fund or the Trustees on such terms and conditions as the Trustees may deem advisable;

- 10 -

36479-3

(d) to establish and accumulate as part of the Pension Fund a reserve or reserves, adequate, in the opinion of the Trustees, to carry out the purpose of such Trust;

(e) to pay out of the Pension Fund all real and personal property taxes, income taxes and other taxes of any and all kinds levied or assessed under existing or future laws upon or in respect to the Fund or any money, property, or securities forming a part thereof;

(f) to make appropriate allocations of common administrative expenses and disbursements shared or to be shared with any other Plan or Fund;

(g) to receive contributions or payments from any source whatsoever to the extent permitted by law;

(h) to invest and reinvest the Pension Funds in any type of investments and to take any and all action with respect to holding, buying, selling or maintaining such investments as they, in their sole discretion, may deem appropriate;

(i) to procure a group annuity contract or contracts in accordance with the Insurance Code of the District of Columbia for the purpose of providing some or all of the benefits to be provided under this Pension Fund and/or appoint a bank or banks or trust company or trust companies to be designated as (1) "Corporate Trustee," and to enter into and execute a trust agreement or agreements with such bank or banks or trust company or trust companies, to provide for the investment and reinvestment of assets of the Pension Fund with such other provisions incorporated therein as may be deemed desirable in the Trustee's sole discretion for the proper management of the Pension Fund and without limit with respect to the powers which the Trustees may grant to such Corporate Trustee, in such agreement to the extent permitted by law; or as (2) "Corporate Agent";

- 11 -

36479-3

(j) to do all acts, whether or not expressly authorized herein, that the Trustees may deem necessary or proper for the protection of the property held hereunder;

(k) to do all acts, whether or not expressly authorized herein, which the Trustees may deem necessary to accomplish to the general objective of enabling the employees to obtain pension and annuity benefits in the most efficient and economical manner.

Section 4.    COMPENSATION. The Union and Employer Trustees shall not receive compensation for the performance of their duties. However, they may be reimbursed for reasonable out-of-pocket travel and incidental expenses in connection with their duties as Trustees.

Section 5.    AUTHORITY TO ENTER INTO AGREEMENTS WITH OTHER TRUSTEES. The Trustees are hereby given authority to enter into agreements with Trustees of other Pension Funds to which the Union is a party to permit such other Pension Funds to join or merge with the Pension Fund.

Section 6.    PERSONAL LIABILITY. The liability, if any, of the Board of Trustees or any individual Trustee or Trustees shall be governed by the following provisions to the extent permissible by applicable Federal law: Neither the Trustees nor any individual or Successor Trustee shall be personally answerable or personally liable for any liabilities or debts of the Fund contracted by them as such Trustees, or for the non-fulfillment of contracts, but the same shall be paid out of the Fund and the Fund is hereby charged with a first lien in favor of such Trustee for his or their security and indemnification for any amounts paid out by any such Trustee for any such liability and for his and their security and indemnification against any liability of any kind which the Trustees or any of them may incur hereunder, including cost of defense of litigation; provided, however, that nothing

- 12 -

36479-3

herein shall exempt any Trustee from liability arising out of his own willful misconduct, bad faith or gross negligence, or entitle such Trustee to indemnification for any amounts paid or incurred as a result thereof.

The Trustees and each individual Trustee shall not be liable for any error of judgment or for any loss arising out of any act or omission in the execution of their duties, except in case of willful misconduct, bad faith or gross negligence; nor shall any Trustee, in the absence of his own willful misconduct, bad faith or gross negligence, be personally liable for the acts or omissions (whether performed at the request of the Trustees or not) of any other Trustee, or of any agent or attorney elected or appointed by or acting for the Trustees.

The Trustees shall be fully protected in acting upon any instrument, certificate or paper believed by them to be genuine and to be signed or presented by the proper person or persons, and shall be under no duty to make any investigation or inquiry as to any statement contained in any such writing, but may accept the same as conclusive evidence of the truth and accuracy of the statements therein contained.

Neither the Employers, nor the Union, shall in any way be liable in any respect for any of the acts, omissions or obligations of the Trustees, individually or collectively.

The Trustees may from time to time consult with the Trust's legal counsel and shall be fully protected in acting upon such advice of counsel to the Trust as respects legal questions.

Section 7.    BOOKS OF ACCOUNT. The Trustees shall keep true and accurate books of account and records of all their transactions, which shall be audited annually or more often by a certified public accountant selected by the Trustees.  A copy of such audit shall be available at all

- 13 -

36479-3

times upon reasonable notice for inspection by signatories to this Agreement at the principal office of the Fund.

    *Section 8.*　　EXECUTION OF DOCUMENTS.　The Trustees may authorize an Employer Trustee and a Union Trustee or any joint group equally composed of Employer and Union Trustees to execute jointly any notice or other instrument in writing and all persons, partnerships, corporations or associations may rely thereupon that such notice or instrument has been duly authorized and is binding on the Pension Fund and the Trustees.

    *Section 9.*　　DEPOSIT AND WITHDRAWAL OF FUNDS.　All monies received by the Trustees hereunder shall be deposited by them in such bank or banks as the Trustees may designate for that purpose and all withdrawals of monies from such account or accounts shall be made only by checks signed by the Trustees authorized in writing by the Trustees to sign such checks.　No check shall be valid unless signed by two persons of whom one shall be a Union Trustee and one an Employer Trustee, except when signed by a designated employee as provided in this Section.

    The Employer Trustees shall designate in writing the name or names of any Employer Trustee who may sign checks in the above manner, and the Union Trustees shall likewise designate in writing the name or names of the Union Trustee who may sign checks in the above manner.

    The Trustees may, in their discretion, designate and authorize an employee of the Fund to sign checks upon such separate and specific bank account or bank accounts as the Trustees may designate and establish for that purpose.

    *Section 10.*　　SURETY BONDS. The Trustees and any employees of the Trustees who are empowered and authorized to sign checks as aforesaid shall each be bonded by a duly authorized

- 14 -

surety company in such amount as may be determined from time to time by the Trustees. Each such employee employed by the Trustees who may be engaged in handling monies of the Pension Fund shall also be bonded by a duly authorized surety company in the same manner. The cost of the premium on such bonds shall be paid out of the Pension Fund.

## ARTICLE VI

## CONTRIBUTIONS TO THE PENSION FUND

*Section 1.*        RATE OF CONTRIBUTIONS. In order to effectuate the purpose hereof, each Employer shall contribute to the Pension Fund the amount required by the Collective Bargaining Agreement between the Union and the Employer. The rate of contribution shall at all times be governed by the aforesaid Collective Bargaining Agreement then in force and effect, together with any amendments, supplements or modification thereto. On matters other than contribution rates, contributions to the Pension Plan shall be governed by the Rules and Regulations of the Pension Plan; contributions to the Annuity Plan shall be governed by the Rules and Regulations of the Annuity Plan.

*Section 2.*        EFFECTIVE DATE OF CONTRIBUTIONS. All contributions shall be made effective as required by the Collective Bargaining Agreement and shall continue to be paid as long as the Employer is so obligated pursuant to the Collective Bargaining Agreement with the Union or until he ceases to be an Employer within the meaning of this Agreement and Declaration of Trust, as hereinafter provided.

*Section 3.*        MODE OF PAYMENT. All contributions shall be payable to the "IUPAT Industry Pension Fund" and shall be paid in the manner and form determined by the Trustees.

- 15 -

36479-3

*Section 4.*    DEFAULT IN PAYMENT.    Non-payment by an Employer of any contributions when due shall not relieve any other Employer of his obligation to make payment. In addition to any other remedies to which the parties may be entitled, an Employer in default for twenty days may be required at the discretion of the Trustees to pay such reasonable rate of interest as the Trustees may fix on the money due to the Trustees from the date when the payment was due to the date when payment is made, together with all expenses of collection (including attorneys' fees) incurred by the Trustees and such liquidated damages or penalties as may be assessed by the Trustees.

*Section 5.*    REPORT ON CONTRIBUTIONS. The Employers shall make all reports on contributions in such manner and form as required by the Trustees.

*Section 6.*    AUDITS.  The Trustees may at any time have an audit made by certified public accountants of the payroll, wage and cash disbursement records, general ledger, and other financial records, including but not limited to tax returns, of any Employer in connection with the said contributions and/or reports. When an Employer receives notice that the Employer is scheduled for an audit, the Employer may write to the Fund 1) explaining why the time or date for the audit is impossible for the Employer to comply with and 2) offering alternative times or dates for an audit within a reasonable time.  If the Fund does not receive such a written response from the Employer within 48 hours before the scheduled audit, the certified public accountants responsible for the audit may proceed as scheduled.  If the Employer fails to cooperate with a scheduled audit, the Trustees may require that the Employer pay to the Fund all costs incurred as a result of the Employer's failure. Any Employer found delinquent or in violation of the Rules and Regulations of the Pension Plan

- 16 -

36479-3

and/or the Annuity Plan as a result of an audit may be required by the Trustees to pay to the Fund the cost of the audit.

## ARTICLE VII

## PLAN OF BENEFITS

*Section 1.*       BENEFITS.  The Trustees shall have full authority to determine all questions of the nature, amount and duration of benefits to be provided, based on what is estimated the Fund can provide without undue depletion or excess accumulation; provided, however, that no benefits other than pension, annuity, death, disability and severance benefits may be provided for or paid under this Agreement and Declaration of Trust.

*Section 2.*       RECIPIENTS OF BENEFITS.  Benefits may be provided in accordance with Section 1 of this Article for any employee of a Contributing Employer covered by a Collective Bargaining Agreement between the Employer and the Union or other classes of employee defined in Article I, Section 9(a), (b) and (c).

*Section 3.*       ELIGIBILITY REQUIREMENTS FOR BENEFITS.  The Trustees shall have full authority to determine eligibility requirements for benefits and to adopt rules and regulations setting forth same which shall be binding on the employees and their beneficiaries.

*Section 4.*       METHOD OF PROVIDING BENEFITS.  The benefits shall be provided and maintained by such means as the Trustees shall in their sole discretion determine.

*Section 5.*       WRITTEN PLAN OF BENEFITS.  The detailed basis on which payment of benefits is to be made pursuant to this Agreement shall be specified in writing by appropriate action of the Trustees subject, however, to such changes or modifications by the Trustees from time to time

- 17 -

36479-3

as they in their discretion may determine. All such changes or modifications shall similarly be specified in writing by appropriate resolution of the Trustees.

Section 6.    APPROVAL OF PLAN. (a) United States: The Pension Plan and Annuity Plan adopted by the Trustees shall be such as will qualify for approval by the Internal Revenue Service, U.S. Treasury Department, and will continue as qualified Plans, so as to ensure that the Employer contributions to the Pension Fund are proper deductions for income tax purposes. The Trustees are authorized to make whatever applications are necessary with the Internal Revenue Service to receive and maintain approval of the Pension Plan and the Annuity Plan. (b) Canada: The Pension Plan and Annuity Plan shall be such as will qualify for approval by Revenue Canada and for registration, as appropriate, under Provincial legislation.

Section 7.    LIMIT OF EMPLOYER'S LIABILITY. Except for withdrawal liability and delinquency liability provided by law, and except as provided in Article VI, the financial liability of any Employer shall in no event exceed the obligation to make contributions as set forth in its applicable Collective Bargaining Agreement with the Union.

## ARTICLE VIII

## MEETING AND DECISION OF TRUSTEES

Section 1.    OFFICERS OF TRUSTEES. The Trustees shall elect two Co-Chairmen, one from among the Union Trustees and the other from among the Employer Trustees. The terms of such officers shall commence on the date of their election and continue until his or their successors have been elected.

Section 2.    MEETING OF TRUSTEES. Meetings of the Trustees shall be held at such

36479-3